SAMUEL BERGER AND SAMUEL SCHECHNER, PARTNERS TRADING AS BERGER & SCHECHNER, PLAINTIFFS AND APPELLEES, v. ISRAEL BERMAN, DEFENDANT AND APPELLANT.

Submitted December 3, 1909—Decided February 21, 1910.

The Supreme Court can only look to see if there is any legal evidence upon which the judgment of the judge of the District Court, sitting without a jury, might rest. Finding such evidence it will not review the decision upon questions of fact.

On appeal from the Second District Court of the city of Newark.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the appellant, *Philip J. Schotland.*

For the appellees, *Samuel Roessler.*

The opinion of the court was delivered by

TRENCHARD, J.  This is an appeal by the defendant from a judgment for the plaintiff rendered by the judge, sitting without a jury, in the Second District Court of Newark.

The suit was brought to recover real estate broker's commissions for effecting the exchange of real estate.

An examination of the state of the case discloses that it was open to the trial judge to find the following matters of fact:

The plaintiffs were real estate brokers with offices in the Union building, Newark, N. J.  They had among their clients the defendant and one Alfred L. Marriott.  The defendant owned a property in Newark, and Marriott controlled to some extent properties belonging to his daughter, Hattie L. Marriott, located in Belleville.  On the morning of November 17th, 1908, the defendant called upon the plaint-

iffs and later the same morning Mr. Marriott called, and Mr. Berger of the plaintiffs' firm introduced the defendant and Mr. Marriott, who had never met before. Before such introduction, however, the defendant had signed the agreement for commissions upon which this suit was brought. After such signing, which occurred about nine-thirty o'clock in the forenoon of that day and after the introduction of the defendant and Mr. Marriott, which was at about ten A. M., the terms of the exchange between the defendant and Mr. Marriott were discussed and after considerable difficulty were settled upon, as was supposed. The plaintiffs then took the defendant and Mr. Marriott, at about eleven o'clock A. M., into the law office of Mr. Roessler on the same floor, where the agreement of exchange was drawn. At about noon the same day the exchange contract was signed by the defendant and by Mr. Marriott on behalf of his daughter, who held title to the Belleville property, and who, as Marriott distinctly stated to the defendant, would have to sign the contract for herself. The next day Mr. Marriott came to the plaintiffs, and reported that in an interview with his daughter she had imposed additional conditions. The plaintiffs thereupon communicated with the defendant and announced to him the new conditions imposed by Miss Marriott, and obtained his consent to them. Then plaintiffs met Miss Marriott and obtained her signature to the exchange agreement, and the plaintiffs' service was completed. Deeds were exchanged in December, 1908, at the office of Mr. Roessler.

Although demanded, the plaintiffs' commission, as called for in the defendant's written agreement, has not been paid.

The defendant's only reason assigned for reversal is that the judgment should have been for the defendant.

Assuming, but not deciding, that there is thus presented any question of law which this court is bound to consider, we nevertheless think that the judgment cannot be disturbed.

The defendant argues that there was no compliance with section 10 of the statute of frauds (*Gen. Stat.*, *p.* 1604), because he contends it appeared that the authorization was procured after the services were rendered. To that argument

it is a sufficient answer to say that there is no foundation for the premise upon which it rests.

We have pointed out that the evidence admitted of the finding by the trial judge of the fact that the agreement for commissions was signed by the defendant before the parties to the exchange were introduced. Thereafter the plaintiffs negotiated with the owner of the property sought in exchange, and with her attorney in fact, and arranged the terms of exchange, and still thereafter procured the signing of the preliminary and final exchange agreements, and still later the deeds were executed and delivered. Thus the situation was radically different from that in *Shields* v. *Serratt,* 71 *Atl. Rep.* 1129, where the plaintiff had done nothing after receiving the agreement for commissions.

This court can only look to see if there is any legal evidence upon which the judgment of the District Court might rest. Finding such evidence, we will not review the decision upon questions of fact. *Aschenberg.* v. *Mundy,* 47 *Vroom* 352.

The judgment of the court below will be affirmed.