RUDOLPH MARTEN, DEFENDANT IN ERROR, v. THOMAS H. BROWN, PLAINTIFF IN ERROR.

Argued March 17, 1911—Decided June 28, 1911.

1. Assignments of error not argued by counsel for plaintiff in error may properly be considered as having been abandoned.
2. A judgment of an intermediate court of review, affirming a judgment of a lower court, will not be reversed upon grounds which question the validity of the original judgment, but which were not raised in the intermediate court.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 143.

For the plaintiff in error, *Randolph Perkins* and *Thomas H. Brown, pro se*.

For the defendant in error, *Charles E. S. Simpson*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was originally begun in the Second District Court of Jersey City. The plaintiff sued for damages for the breach of the following contract which was made a part of the state of demand: "Whereas Rudolph Marten has refused to complete his carpenter labor contract at Nos. 64–66–68 Tuers avenue on the ground that the walls and partitions are irregular and crooked, and that to perform said work and complete said work on account of the above-named defects will cost $350 above the contract price, I herewith in consideration of his performing said work at once, and not sub-contracting the same, I herewith agree to pay the said sum of $350 extra. (Signed) Thomas H. Brown." The plaintiff completed his carpenter work under this contract and was paid on account thereof the sum of $25. Brown refused to pay any further moneys under the agreement, and thereupon this suit was brought. The case was tried before the court without a jury,

and resulted in a finding in favor of the plaintiff. The defendant thereupon appealed to the Supreme Court, and attacked in that court the judgment of the District Court upon four specified grounds. The first was "that said judgment is contrary to law, in that there was absolutely no evidence upon which the court could possibly have predicated a judgment in favor of the plaintiff and as against the defendant." The Supreme Court held that there was proof of the making of the contract sued upon; that it was entered into in good faith by both parties; that there was a sufficient consideration to support it; and that there had been a failure of the defendant to perform it. An examination of the proofs sent up to us with the writ of error satisfies us of the correctness of this conclusion.

The second ground upon which the judgment was attacked in the Supreme Court was "that the contract sued upon was null and void, as there was no consideration to sustain it—*nudum pactum.*" As we have already stated, the Supreme Court found evidence of a consideration, and that finding was justified by the proofs submitted.

The third ground of attack upon the judgment in the Supreme Court was "that if there was any consideration for said contract, it was procured through fraud and misrepresentation, and is, therefore, null and void." There was evidence which supported the contrary conclusion reached by the trial court, and for this reason the Supreme Court refused to review the decision of the trial court upon that point. There was no error in this refusal.

The only other ground upon which the judgment was attacked in the Supreme Court was that the trial court erred in a ruling upon a matter of evidence. The Supreme Court did not consider that the ruling complained of constituted injurious error. Its refusal to reverse the judgment on this ground, however, although made the basis of an assignment of error, is not referred to in the brief of counsel for plaintiff in error, and is, therefore, to be considered as abandoned.

The only question before this court on this writ of error is

whether the Supreme Court was justified in refusing to disturb the judgment of the District Court for any of the reasons upon which it was there attacked. Consequently, we decline to consider other grounds, mooted upon the argument before us, but not presented to the Supreme Court, upon which the judgment of the District Court is asserted to be erroneous.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, SULLIVAN, JJ. 9.

*For reversal*—None.