## W. A. MANDA (INCORPORATED) v. UNITED STATES EXPRESS COMPANY.

Submitted December 8, 1913—Decided March 16, 1914.

1. Grounds of appeal not argued by counsel for appellant in their brief may be considered as having been abandoned.
2. At a trial of issues in tort, where the question of the quantum of damages suffered by plaintiff's property through the alleged negligence of the defendant is in dispute as a fact, the court is without power to decide that question.
3. In such a trial where the conditions of an alleged special contract of shipment between the parties were offered to be proved by admissible evidence, and were illegally overruled, and the court thereupon declared the liability of the carrier was that created by the common law, and not by contract, it was *held* error.
4. In a suit by a shipper of plants against an express company to recover damages because of their freezing while in transit, it was error for the court to overrule an offer by the express company to prove that a connecting railroad company refused to attach the car containing the plants to their passenger train if a fire was kept burning in a stove in the car, and that the plaintiff, when notified of this fact, authorized the fire burning in the stove to be dumped, and the car to be forwarded without a fire in the stove.

On appeal from the Supreme Court.

For the appellant, *McDermott & Enright.*

For the appellee, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

VREDENBURGH, J.   The defendant company has appealed from a judgment entered against it for substantial damages upon verdict directed at the Hudson Circuit, in an action of tort, brought to recover the damages sustained by the plaintiff company through the freezing of a carload of plants and flowers which it had, on March 24th, 1911, shipped by defendant from Orange, New Jersey, to Boston, Massachusetts.

One of the grounds on which the judgment is assailed is, that the trial court directed the jury to find a verdict for the plaintiff and against the defendant for $710.

While it seems to us it was, in this case of disputed damages, the sole province of the jury to admeasure the quantum of damages suffered by the plaintiff from defendant's negligence, and that it was error for the court to decide that question, we are met with the difficulty, that under our established practice, this ground cannot be availed of to defeat the judgment below because it is not argued in the brief of the appellant.

For this reason we are constrained to regard the point as having been either waived or abandoned by the appellant. It was quite recently held by this court in *Marten* v. *Brown,* 52 *Vroom* 599, that such result would follow where assignments of error were not argued in the brief of the plaintiff in error, and the same rule must be applied under the present practice where grounds of appeal stand in their stead.

Another ground of appeal taken is, that the court denied the defendant the right to cross-examine the plaintiff's witness (Newcomb), ruling that the court would not allow defendant's counsel to cross-examine his (defendant's) own employes; but notwithstanding this apparently erroneous judicial declaration of the law, the cross-examination of the witness was permitted to proceed, and did, in fact, continue. We think, under these circumstances, the appellant is not entitled to a reversal of the judgment upon this ground.

We find, however, after an examination of the whole record of the trial that it contains other judicial rulings upon the

admission of evidence which appears to have injuriously affected the substantial rights of the defendant, and to have been erroneous.

The defendant urges that it was not permitted by the court to ask on cross-examination, the plaintiff's witness (Newcomb), who had, on his examination in chief, testified that he was the defendant's express agent at Orange, the question whether he issued bills of lading to Mr. Manda (the plaintiff president and agent) on the preceding two cars; and also insists that it was not permitted to ask, on cross-examination, the plaintiff's witness, Manda, the question whether on the preceding carload shipments he did not receive a bill of lading in similar form to the bill of lading marked *Exhibit "P 3."*

A reference to the posture of the proofs as the case stood at the time these questions were asked, will show, we think, that they were clearly competent, and that their rejection by the court was error which injuriously affected defendant's rights.

The plaintiff's contention at the trial was that the transportation of its plants and flowers by the car-shipment in question had been unreasonably delayed by the defendant, and that this car-shipment had not been kept properly heated during the journey to Boston, and because of this, as well as of the delay, the plants and flowers had been frozen and damaged.

To sustain this contention the plaintiff proved that it had made a special arrangement between it and the defendant for the shipment of three carloads of its plants and flowers to a flower exhibition in Boston; that two shipments had been made, and that the third, the shipment in controversy, was a part of the two previous shipments, and that all three shipments were made in connection with the same plan; that when the third car, containing the plants in question, was ordered, Mr. Manda stated to the defendant's express agent (Newcomb) that he wished this car to go forward under the same conditions the two preceding shipments had gone two days previous; that this carload of plants was accepted by

the express company on March 24th, 1911, and that a bill of lading was issued for it by that company. During the examination of the plaintiff's first witness this bill of lading dated March 24th, 1911, was offered in evidence by the plaintiff, and the defendant's counsel stating he made no objection, was received in evidence and marked *Exhibit "P 3."*

But at a later stage of the trial, Mr. Manda having testified in his direct examination that the plaintiff had received no bill of lading from the express company for the last shipment until April 12th, 1911, the court, expressing itself as understanding the witness to say that when he shipped, he received no bill of lading, held that any contract or bill of lading the express company had made afterward. was not the contract, and would not limit their liability. In pursuance of this view of the legal situation the court thereupon refused to permit the bill of lading (*P 3*) to be used for the purpose of showing what the conditions of the contract between the parties were, and in accordance with this conclusion, also declared the law of the case to be (erroneously in our opinion) that the liability of the defendant was that created by the common law, and not by an unproved contract.

It was in this situation of the case that the questions on cross-examination, above set forth, were asked by defendant's counsel and overruled by the court. The effect of their rejection, together with the bill of lading, evidently deprived the defendant of all opportunity to introduce in evidence the special conditions under which it claimed the shipment in controversy was made. It had the right, for its own protection at least, to a full disclosure of the terms of the prior bills of lading from the plaintiff's witnesses (who had testified upon the subject of these two bills of lading for the two preceding car shipments) to the end that the terms and conditions of the last shipment might be brought out in the evidence. This effort was plainly justified by the testimony in chief of plaintiff's witness, Newcomb, who had sworn that Mr. Manda stated to him he wished the car to go forward under the same conditions that the two others had gone the

two days previous. We think these questions should not have been overruled and that in doing so the court erred.

The defendant also offered to prove that the car in which the shipment in question was made contained a stove, and that one of the plaintiff's employes accompanied the flowers presumably for the purpose of keeping a fire going in the stove, and that the connecting railroad company which was to haul the car containing the stove refused to attach it to a passenger train if a fire was kept burning in the stove; that Manda was notified of this fact, and authorized the fire in the stove to be dumped, and the car sent forward without a fire being kept up in the stove.

It is difficult to understand upon what theory this offer of proof of authority given by Mr. Manda in respect to a matter seemingly so material to the plaintiff's right to recovery of damages for the freezing of the plants in question, was rejected by the court. We think the court fell into error in so doing.

Finally, from the mere fact that the plants were injured, even on the case which was permitted to be put in evidence by the court, it did not necessarily follow that the defendant company was responsible. It was for the jury to say, under the circumstances in evidence, as to the manner the plants were taken and loaded by the plaintiff from its greenhouse to the car at Orange while the plants were in its custody and care, and their subsequent unloading and transportation by the plaintiff from the car at Boston to the flower show there, whether or not the injury complained of did not occur on those occasions, while the property was in the plaintiff's own possession.

This subject is argued by appellant by point eleven in its brief. In taking this question from the jury we think the court erred.

Important questions relating to the construction of the Federal Interstate Commerce law may arise upon a retrial of the issues, when the additional evidence which we have held to be admissible, shall come in. It would, we think, be premature and unwise to attempt now to anticipate them.

The judgment below should be reversed to the end that a *venire de novo* may be awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ.    13.