PROTECTIVE FINANCE CORPORATION, RESPONDENT, v. SAMUEL GLASS, APPELLANT.

Argued February 20, 1923—Decided May 22, 1923.

In causes tried in the District Courts, where the court has appointed a stenographer to transcribe the proceedings at the trial, pursuant to the act of 1905, page 259 (*Comp. Stat., p.* 1957, *pl.* 13*b*), the certification of the stenographic transcript for use as the state of the case on appeal can be made only by the judge that actually tried the cause.

On motion to dismiss appeal.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Weinberger & Weinberger.*

For the respondent, *Edward F. Merrey* and *William R. Vanecek.*

The opinion of the court was delivered by

PARKER, J. Motion is made to dismiss this appeal on the ground that the stenographic transcript of the proceedings at the trial was not certified by the trial judge within the time provided by law. Unless it be properly certified within fifteen days after the judgment, the appeal must be dismissed. *Ervin* v. *Wohlfert,* 76 *N. J. L.* 430; *Berstecher* v. *Caruso,* 89 *Id.* 426; *Galligan* v. *Gonzales,* 97 *Id.* 327; 116 *Atl. Rep.* 486; 118 *Id.* 211.

The answer made is that, though the transcript was not certified by the judge that tried the cause, it was certified in due time by another District Court judge sitting temporarily for the trial judge, pursuant to section 19 of the District Court act, and that such certificate is sufficient under the statute of 1905. *Pamph. L., p.* 259; *Comp. Stat., p.* 1959.

We cannot accede to this view. At common law a review in error of trial rulings could be had only on a bill of exceptions sealed by the trial judge; and although the later use of a stenographer at the trial resulted in practice in a general reliance on the stenographic transcript as correctly exhibiting what occurred at the trial, it was never legally authoritative and the exceptions had to be sealed as before. By the Practice act of 1912 "bills of exceptions" were abolished, but even this did not give the stenographic transcript an authoritative status, as is shown in *Connolly* v. *Public Service Railway Co.,* 94 *N. J. L.* 157, 160, where the certificate of the trial judge was called for by the court to settle a dispute as to what he had actually said to the jury. This was of course in line with the general rule that the appellate court will treat as conclusive the certificate of the lower court as to what occurred before it. 4 *C. J.* 512 *et seq.;* see *Frisch* v. *Warnke,* 85 *N. J. L.* 456, 457; *Pinkney* v. *Ayres,* 21 *Id.* 694; *Paterson, &c., Railroad Co.* v. *Ackerman,* 24 *Id.* 535; *Meirs* v. *Bussom,* 57 *Id.* 383.

The District Court act permits the parties, or their attorneys, in a case where no stenographer has been appointed to stipulate a state of the case for appeal, but when they cannot agree, the case must of course be settled by the judge, and in that event only the judge that tried the cause could settle the state of the case for appeal. *Tenement-House Board* v. *Schlechter,* 83 *N. J. L.* 88, 90.

In cases where there is a stenographer, the language of the statute plainly indicates that the trial judge is to certify the state of the case. When application is made to the judge of a District Court to appoint a stenographer to transcribe the proceedings, &c., "it shall be the duty of the said judge to

designate a stenographer * * * and if an appeal be taken * * * the transcript of said proceedings and testimony made by said stenographer, shall be certified by *said* judge as the state of the case," &c. *Comp. Stat., pp.* 1957, 1958. The manifest intent is that the transcript shall be certified by the "said" judge, not any other judge temporarily imported into the court under section 19, with no knowledge of the case, and who naturally is in no position to certify that the transcript is in effect a faithful minute of what took place at the trial, or, indeed, that it has any authenticity whatever. As was said of the "entire record of proceedings at the trial" returned under section 136 of the Criminal Procedure act, such record "certainly must, in some way, be authenticated, and we see no other satisfactory way than by that [the trial] court's certificate." *Ryan* v. *State,* 60 *N. J. L.* 552 (at *p.* 554). And, so, under the statute now considered, this court has already said that "the statute gives no authority for any state of the case thus composed (*i. e.,* stenographer's transcript), except it be certified by the judge who tried the cause." *Speiser* v. *North Jersey Street Railway Co.,* 73 *Id.* 413, 414.

The transcript in the present case was not so certified. What happened was that as the fifteen days were about to expire, appellant's attorney went to the court room on a trial day with the transcript, found the trial judge had gone out of town and another judge, an entire stranger to the case, was sitting, and procured his certificate. This, for the reasons given above, was ineffective; and for lack of a proper certificate in due time the appeal must be dismissed.