DOROTHY C. MILK, INFANT BY HARVEY MILK, NEXT FRIEND, AND HARVEY MILK, PLAINTIFFS-APPELLANTS, v. JOHN MULCAHEY, DEFENDANT-RESPONDENT.

JANET HENDRICKSON, INFANT BY LAWRENCE HENDRICKSON, NEXT FRIEND, AND EVELYN HENDRICKSON AND LAWRENCE HENDRICKSON, PLAINTIFFS-APPELLANTS, v. JOHN MULCAHEY, DEFENDANT-RESPONDENT.

Submitted May 4, 1943—Decided June 24, 1943.

Before Justices Case, Donges and Porter.

For the plaintiffs-appellants, Nathan Baker.

For the defendant-appellee, Tumulty & Sepenuk (Wallace P. Berkovitz, of counsel).

The opinion of the court was delivered by

PORTER, J. These suits were for personal injuries received by the infant plaintiffs in falling from a stoop claimed to be lawfully used by them, and caused by the negligence of the defendant owner in failing to use reasonable care in keeping the premises safe and in negligently repairing same. The trial court found verdicts for the defendant, which judgments are before us on appeal. The cases were tried together, and for convenience will be so considered here.

The cases turn on the question of whether the infant plaintiffs were lawfully on the premises when injured, because the proofs were that the Milk girl and her guest, the Hendrickson girl, fell from the porch because the hand rail was in a state of disrepair and gave way, causing them to fall from the porch and to receive injuries. The defendant, owner of the premises, testified that he had nailed the hand rail fast the morning of the accident and had replaced and renailed it later in the day after the accident. The premises consisted of a residence for two families, the stoop being used by both families in common as an entrance, control of which was retained by the defendant owner. Dorothy Milk was a member of her father's household, and he, Harvey Milk, was a tenant of the defendant occupying the first floor. It appears that the defendant had given notice to Milk to terminate the tenancy on August 1st, 1942. That was the date of the accident. Milk did not surrender the premises until August 8th, 1942. Under the rules and regulations of the Office of Price Administration (commonly referred to as O. P. A.) promulgated under authority of a federal statute, provision is made to protect tenants from removal. The regulations (rule 28, section 6) provide that so long as a tenant pays the proper rent he may not be evicted irrespective of the terms of the lease or rental agreement unless the landlord seeks in good faith to recover possession for immediate use and occupancy for himself, his family or dependents, "or he has in good faith contracted in writing to sell the accommodations for immediate use and occupancy by a purchaser, *who in good faith has represented in writing* that he will use the

accommodations as a dwelling for himself, his family or dependents," &c. It further appears that defendant had sold the premises and that the purchaser desired to occupy the apartment in question occupied by Milk. In fact after Milk vacated on August 8th, the purchaser did move in but only occupied that apartment for a week and then moved to the apartment upstairs. From that circumstance an inference of bad faith might be drawn. However that may be, we conclude that the regulation, which has the force of law, was not complied with because no notice in writing was made *by the purchaser* that he would use the Milk apartment for himself. There was a writing, however, to that effect made by the defendant landlord and served on the plaintiff Milk. We conclude that notice insufficient and of no effect, not being in compliance with the regulation. The purpose of this statute and regulation was to protect the tenant and should be strictly construed. The trial court properly took judicial notice of the statute and regulation, but we conclude that he was in error in holding that there had been a compliance with same and that Milk was therefore unlawfully in possession of the premises on the day of the accident and consequently no duty was owing to him or his family or invitees which had been violated.

The plaintiff's proofs with respect to the accident clearly established the liability of the defendant owner, and it was error to have found for the defendant in the absence of any proofs of lack of negligence on his part, unless the children were unlawfully on the premises as contended by the defendant, but as found by us to the contrary as above stated. This court will not review disputed questions of fact in appeals from District Courts. *Aschenberg* v. *Mundy, 76 N. J. L.* 352; 69 *Atl. Rep.* 954; *Marten* v. *Brown, 80 N. J. L.* 143; *affirmed,* 81 *Id.* 599; 80 *Atl. Rep.* 476; *Berger* v. *Berman, 79 N. J. L.* 314; 77 *Atl. Rep.* 85. But the facts not being in dispute, the question before us is one of law and not of fact, and in the absence of any proofs to support a verdict for the defendant, it must be reversed. *Cf. Young* v. *Schmidt, 127 N. J. L.* 535; 23 *Atl. Rep.* (2d) 809; *Doolittle* v. *Mark, 88 N. J. L.* 515; 97 *Atl. Rep.* 47.

The defendant moved for a dismissal· of these appeals, contending that the state of case had not been certified by the trial judge in accordance with *N. J. S. A.* 2:32-203. It appears that the term of office of the trial judge expired shortly after the trial and that the transcript of the proceedings and the testimony as taken by the stenographer who reported the cases was certified within thirty days after filing the notices of appeal by the judge then in office who had been appointed to succeed the judge who had tried the cases. The correctness of the transcript is not questioned. We think there was a compliance with the statute. By statute *N. J. S. A.* 2:8-11 District Courts are continuous courts of record, and authority is given to a succeeding judge to "take cognizance of and proceed with any action or proceeding previously removed from such court by appeal or on *certiorari* and remanded thereto." Defendant relies on *Protective Finance Corp.* v. *Glass,* 98 *N. J. L.* 347; 120 *Atl. Rep.* 922; *affirmed,* 99 *N. J. L.* 524; 123 *Atl. Rep.* 926, where it was held that where there was a stenographer in a District Court, the trial judge must certify the state of case. That case is not in point, because the trial judge there was still in office and he alone had authority to make the certification.

The motions to dismiss will be denied. The judgments under review will be reversed, with costs.