This is a divorce case. The pertinent decretal provisions of the decree under review provide, (1) that the parties "be *Page 49 
divorced from the bond of matrimony" on the ground that appellant, the husband, had been proved to be guilty of "wilfull, continued and obstinate desertion for the term of two years" (N.J.S.A. 2:50-2 (b)) as alleged in respondent's, the wife's petition, and (2) that the divorce, a vinculo matrimonii, granted to the husband by the Circuit Court, Eleventh Judicial Circuit, Dade County, Florida, on July 13th, 1942, "be declared null and void and of no force or effect in this state."
The husband challenges the propriety of the determinations thus made. That challenge is rested upon the grounds that the wife "failed to prove" the alleged desertion, and that the court below "erred in refusing to give full faith and credit" to the divorce which the husband had obtained from his wife in Florida.
We think that the challenge is without merit. This case was not argued orally. It was submitted to us on the record below with a brief for the husband. No brief was supplied for the wife.
From the case as so submitted, we find that the wife's petition, filed on September 19th, 1942, consists of two causes for action.
In the first cause for action, the wife alleged, inter alia, that she was lawfully married to her husband at Newark, New Jersey, on September 10th, 1939; that her husband deserted her on or about April 30th, 1940; that ever since which time and for more than two years last past, her husband wilfully, continuedly and obstinately deserted her; that she was a bona fide resident of this state when the cause of action arose, and has ever since and for more than two years next preceding the commencement of her action, continued to be such a bona fide resident of this state, and, therefore, their marriage should be dissolved according to the statute in such case made and provided.N.J.S.A. 2:50-2 (b).
Although personal service of process was made on the husband within our state, he did not answer the petition. In due season and in accordance with our practice, the cause came on for hearing before an advisory master. While then counsel for the husband appeared at the hearing, she neither *Page 50 
cross-examined petitioner nor any of her witnesses. Counsel made clear to the advisory master that she was "merely entering an appearance for the defendant, without entering a defense." After explaining that the husband has been given a "screening test" and would probably be in the army shortly she said, "I want to stipulate on the record that we consent to the entry of the decree and the support as it was pendente lite," namely, $3 a week. The sum allowed was $10 a week. Although the husband alleges in his petition and grounds of appeal that he is aggrieved by the allowance so made, the point is not argued here and is, therefore, considered abandoned. Cf. Marten v. Brown,81 N.J. Law 599; 80 Atl. Rep. 476.
Our careful study of the unchallenged proofs satisfies us that they fully support the result reached by the advisory master.
In her second cause for action, the wife repeated the stated allegations of her first cause for action and she further alleged that she was not personally served with process in Florida where her husband procured his divorce nor did she enter an appearance in that suit. She was apparently served in our state by publication. She further alleged that her husband's allegation that he was a bona fide resident of Florida for more than ninety days prior to the entry of the suit against her in Florida was false, that his pretended residence in Florida was a fraud upon the court of that state, and that the fraudulent allegation thus made was for the purpose of inducing that court to grant him a divorce for an alleged cause (extreme cruelty) which occurred while both parties resided, i.e., were domiciled, in this state (see N.J.S.A. 2:50-35), and, therefore, the decree should be declared to be null and void and of no effect in this state.
The proofs, as pointed out by the advisory master, disclose, among other things, that the wife filed a complaint against her husband in the Essex County Domestic Relations Court (Newark, New Jersey), on April 26th, 1940, charging him with desertion and failure to support her. Pursuant to hearing held (May 16th, 1940) on that complaint, the husband was ordered to pay her $10 a week through the probation *Page 51 
office. Between May 6th, 1940, and August 6th, 1942, he was arrested and jailed twice for having failed to comply with the order made against him. Lastly, on August 10th, 1942, his then parole was continued upon his consent to pay $50 on account of his arrearages and the balance of $100 by August 24th, 1942. On September 10th, 1942, the order for support was vacated and dismissed by consent of the parties.
Efforts to reconcile the parties were made and proved fruitless. The husband would neither voluntarily support his wife nor have anything to do with her. He told her, as he did others who interceded for her, that he was going to Florida for the purpose of getting a divorce. He did go to Florida where he filed a petition for divorce in January of 1942. He was there granted an absolute divorce on the ground of extreme cruelty on July 13th, 1942.
Thus it is clear that the husband went to Florida and there obtained his divorce for a cause which, as alleged by the wife, occurred while the parties resided, i.e., were domiciled, in our state. He obtained his divorce while he was under order of the Essex County Domestic Relations Court to make weekly payments to his wife for her support. It is also clear that he continued to make such weekly payments to his wife after he returned from Florida to Newark in August of 1942 without ever asserting that he was not obliged to do so by reason of his Florida divorce.
Here, too, the unchallenged proofs offered by and for the wife amply support her allegations and the result reached by the advisory master.
The applicability of Williams v. North Carolina,317 U.S. 287; 87 L.Ed. 189; 63 S.Ct. Rep. 207, is, however, urged in support of the argument that the advisory master erred in not giving full faith and credit to the Florida decree. There is no occasion in the case at bar to add more to the much discussed effect of the decision in the Williams Case. (See 29 AmericanBar Association Journal 268; February, 1943, pp. 84, 86; March,1943, p. 125; May, 1943, p. 268; 91 U. of P. Law Review, March,1943, p. 565; Vol. IX, Current Legal Thought, June, 1943, p.325.) For here, unlike *Page 52 
in the Williams Case, there was no "admission" that the husband had been "actually domiciled" in Florida. Here, unlike in theWilliams Case, the second cause for action was based on the allegation of the wife's petition charging that the husband had not acquired a bona fide domicil in Florida. That was the single issue which was raised. That was the single issue which was tried. That single issue was determined adversely to the husband. And the unchallenged proofs on that issue, we repeat, amply established that the husband had not acquired a bona fide
domicil in Florida and that his divorce there was procured by fraud.
A divorce procured by a spouse based upon a fraudulent and not an actual domicil in the state where the challenged decree was procured has consistently been held by our courts, before and since Haddock v. Haddock, 201 U.S. 562; 50 L.Ed. 867,
overruled in Williams v. North Carolina, supra, to be of no force and effect in this state. Sprague v. Sprague, 131 N.J. Eq. 104,108, et seq.; 23 Atl. Rep. 2d 810; Martin v.Martin, 132 N.J. Eq. 22; 26 Atl. Rep. 2d 491. And this has been our holding prior to and since our legislature set down our state policy in giving full faith and credit to a divorce decree by a court of competent jurisdiction in any of our sister states if the jurisdiction of such state was obtained in substantial conformity with our statutory provisions for the service of process. N.J.S.A. 2:50-35. Additionally, the Florida decree is of no force and effect in our state since the husband went to Florida solely in order to obtain a decree of divorce for a cause which occurred while the parties resided, i.e., were domiciled in our state. N.J.S.A. 2:50-35; Sprague v. Sprague,supra; Martin v. Martin, supra.
The full faith and credit clause of our federal constitution (article 4, section 1) and the Act of Congress (28 U.S.C.A. 687) were not designed nor do they lead to a contrary result, when, as in the case at bar, the decree of the sister state has the congenital infirmity of having been conceived and procured by fraud. Cf. Bell v. Bell, 181 U.S. 175; 45 L.Ed. 804; Andrews
v. Andrews, 188 U.S. 14; 47 L.Ed. 366.
 The decree is affirmed. *Page 53 
 For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.
For reversal — None.