JOHN J. SULLIVAN v. ALEXANDER MOFFATT ET AL.

Submitted July 3, 1903—Decided November 9, 1903.

1. Where a sub-contractor agrees with the contractor that if he at any time refuse or neglect to supply a sufficiency of properly skilled workmen or of materials, or fail in any respect to prosecute the work with promptness and diligence, the contractor may, on the certificate of the architect of such refusal, neglect or failure, terminate the contract and finish the work himself; the architect's certificate can be appealed by the contractor, as a justification for his action in terminating the contract, only where it was an inducing cause to such action.

2. When the employment of a sub-contractor is wrongfully terminated by the contractor and the latter completes the work himself, the sub-contractor will be entitled to recover for the work which he had done, but for which he had not been paid, such a proportion of the entire price as the fair cost of the work done bears to the fair cost of the whole work; and for the work not done such profits as he would have realized by doing it.

On rule to show cause why a verdict in favor of the plaintiff should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *Lindley M. Garrison.*

For the defendants, *De Witt Van Buskirk* and *Charles L. Corbin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This suit was brought by the plaintiff on a sub-contract, made with the defendants, to supply marble and set the same in the new banking-house of the Mechanics' Trust Company of Bayonne, the defendants having a contract with the trust company to do all the work upon the building. The sub-contract was dated April 12th, 1901, and by its terms the work under it was to be completed by the plaintiff on the 15th day of July of the same year.

It ·was not completed within the time limit. ·Whether· the failure was· due to the fault of the ·plaintiff or of the defendants,· or of both, is disputed. The plaintiff, with the acquiescence of· the defendants, proceeded· with the work up to' the 12th day· of September, 1901, when the defendants, against his protest, took it out of his hands, and subsequently carried it to completion themselves.

· The plaintiff ·claims that the action of the defendants was without legal justification and sues to recover the money loss· sustained· by him by reason· thereof. The defendants claim that they were acting strictly within the rights reserved to them by section 5 of the contract in terminating the plaintiff's employment and taking charge of the work themselves. That section is as follows: "Should the party of the first part [the plaintiff] at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence,· or fail in the performance of any of the· agreements herein contained, such refusal, neglect or failure being certified· by the architect, the party of the second part [the defendants]· shall be at liberty, after two (2) days' written notice ·to the· party of the first part, to provide any' such ·labor or materials, and to deduct the costs thereof from any· money then due, or thereafter to become due, to the party of the first ·part under this contract, and if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action, the party of the second part shall also be at ·liberty to· terminate the employment of ·the party of the first part for the said work and to enter upon the premises and take possession, for the purpose of completing the work comprehended under this contract, of all materials,· tools and appliances thereon, and to employ any other person or persons ' to finish the work and to provide the materials therefor; and in case of such· discontinuance of the employment of the party of the first part, then the said party of the first part shall not be entitled to receive ·any· further payment under this contract until said work shall be wholly finished, at which time,

if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the party of the second part in finishing the work, such expense shall be paid by the party of the second part to the party of the first part; but if such expense shall exceed such unpaid balance, the party of the first part shall pay the difference to the party of the second part."

The first ground upon which the defendants seek to vindicate their action is that the architect upon the building made the certificate contemplated by section 5; that they advised the plaintiff of that fact at the time they terminated his employment, and that they based their action upon that certificate. If that was the situation presented by the testimony, the defendants' contention should prevail, in the absence of evidence to charge the architect with fraud in the making of his certificate. *Wilson* v. *Borden,* 39 *Vroom* 627. The contrary appears, however, from the defendants' own evidence. It is shown thereby that their action terminating further work by the plaintiff under the contract was taken on September 12th, and that the certificate of the architect was not made until September 16th. It is impossible, therefore, that they could have been influenced in their action, in any degree, by that certificate. The architect's certificate affording no justification for the action of the defendants in terminating the plaintiff's employment, it was for the jury to decide whether there was such a failure by the plaintiff to comply with the provisions of the contract as warranted the defendants' action.

We think, however, that the rule to show cause should be made absolute, upon the ground that the verdict ($3,000) is excessive. If the defendants had been justified in terminating the plaintiff's employment and proceeding with the work themselves, there would have been very little, if anything, due from them to him under the contract. The largeness of the verdict, therefore, forces the conclusion that the jury must have found that the defendants' action in taking the work out of the hands of the plaintiff was a breach of the contract. But even on this theory a verdict

for $3,000 in favor of the plaintiff cannot be supported. He was entitled to recover for the work which he had done, but for which he had not been paid, such a proportion of the entire price as the fair cost of that work bore to the fair cost of the whole work; and for the work not done, such profits as he would have realized by doing it. *Kehoe* v. *Rutherford,* 27 *Vroom* 23; *Wilson* v. *Borden, supra.* The account between the parties is so complicated as to make a thorough analysis of it by this court impossible, within the limited time which it has at its disposal. In fact, it would seem that, in order to ascertain with accuracy just what the state of this account is, the case should be sent to a referee. Although we have not made a complete analysis of it, we have examined it with sufficient care to satisfy ourselves that $3,000 is largely in excess of the damages sustained by the plaintiff, when admeasured in the manner required by the rule formulated in Kehoe *v.* Rutherford, and afterward adopted in Wilson *v.* Borden.

The rule to show cause should be made absolute.