HIRSHBERG, HOLLANDER & COMPANY, PLAINTIFFS AND APPELLANTS, v. JOHN F. ROBINSON & SON, DEFENDANTS AND APPELLEES.

Submitted February 19, 1907—Decided June 10, 1907.

Hearsay evidence is incompetent to establish any specific fact which is, in its nature, susceptible of being proved by witnesses who speak from their own knowledge.

On appeal from the District Court of the city of Camden.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the plaintiffs, *Wilson, Carr & Stackhouse.*

For the defendants, *Thomas P. Curley.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment of the District Court of the city of Camden.

The action was brought to recover the amount due upon the sale of certain paint by the plaintiffs to the defendants. The judgment was for the defendants.

By the state of the case it appears that there was evidence tending to show that paint was delivered by the plaintiffs to the defendants as directed by the latter to the Hotel Elberon, at Atlantic City, New Jersey, and was intended for use upon that building which was then in course of erection, and which building the defendants had contracted to paint; that the defendants had not paid for the paint because they contended that they had rescinded the order.   It appears that the defendants conceived that they were entitled to rescind the order for the paint because of an allegd misstatement made by William Rich, the plaintiffs' salesman, that Dr. Ludy, the owner of the building, had sent him to defendants and wanted him to have the order for the paint.

If the defendants had a right of rescission at all it necessarily rested upon the falsity of the statement, the falsity of which must have been established by legal evidence.

The only proof attempted to be offered by the defendants as to the falsity of such statement was the testimony of John F. Robinson.   As it appears in the state of the case it was as follows: "That Dr. Ludy (not in the presence or hearing of Mr. Rich or the plaintiffs) informed him (Robinson) that he had not sent Rich to Robinson to get the order."

Objection was made by the plaintiffs to this testimony on the ground that it was hearsay, and that the plaintiffs could not be bound by the statements of third persons made in the absence of the plaintiffs or their agent. The testimony was admitted and exception thereto duly taken.

It is familiar law, requiring no citation of authority to support it, that hearsay evidence is incompetent to establish any specific fact, which is, in its nature, susceptible of being proved by witnesses who speak from their own knowledge.

Tested by this rule the evidence of the witness was incompetent. If the statement of the salesman was false there were two persons competent to testify to that fact, viz., Dr. Ludy and the salesman, neither of whom testified to the falsity of the statement.

The result is that the judgment below should be reversed and a *venire de novo* awarded.