ROLLIN E. DOOLITTLE, TRADING AS THE ART LEAGUE, PLAINTIFF-RESPONDENT, v. HUNDERT MARK, DEFENDANT-APPELLANT.

Submitted December 2, 1915—Decided March 6, 1916.

The well-recognized rule is that the finding of a District Court on a material question of fact will not be reversed if there is any evidence to support it, but the rule does not apply to cases where there is no evidence to support the finding.

---

On appeal from the District Court.

Before Justices PARKER, MINTURN and KALISCH.

For the appellant, *Louis A. Cowley.*

For the appellee, *Horton & Tilt.*

The opinion of the court was delivered by

PARKER, J.   The suit was brought upon a written contract to take and pay for five hundred advertising post cards per month for a year, said postal cards to be of a special design and description.   The contract was dated August 10th, 1914, and defendant apparently received cards for September, October, November and December of that year; in January he rescinded the contract and refused to take any more cards, but plaintiff shipped them for January, February, March and April.   The defendant's refusal to take any more cards, or pay for those that had been received, was based upon the following clause in the contract:   "The Art League agrees not to send these cards to anyone else in above line of business, reserved for the undersigned in this city; also Nutley and Rutherford during such time, and this being a part of the consideration."

It was proved, and the trial judge found as a fact, that the plaintiffs supplied a florist in Passaic with postal cards during the period, so that if the latter were within the contract clause, "these cards" which are the same as "your post cards," the plaintiff violated the contract and defendant was entitled to rescind.

The trial court found that the cards sent to the Passaic party were not like the cards sent to the appellant; and the question of similarity seems to have been determined purely by inspection.   If this is supportable as a finding of fact, it is not reversible.   The cards sent to both parties were produced in evidence as exhibits.   The question now is whether the trial court was justified in a finding that they were not the same kind of cards for both parties.   The order is for five hundred "of your post cards, about three and one-quarter by five and one-quarter inches, in black on white cardboard, with

something different on the back, and with what you think best to advertise the florist business."

Now an examination of the cards sent to Passaic and the card of Hundert Mark shows that the upper border design on both is identical. It consists of a telephone instrument at each end, the eastern and western hemispheres in the middle and the two telephones connected by a looped line, the word "post" on the left side and "card" on the right, and a silhouette presentation of what is probably intended for New York city running through the design. This is absolutely identical. The pictures on the back are different, and were intended to be different each month. The letter press on the back was intended to be different each month. No doubt the script legend on the front was intended to be different each month, but the most cursory inspection demonstrates that the cards are on precisely similar paper; there is no substantial variance in size. They are all printed in black.

We cannot see how the trial court could possibly have found that the cards supplied to the Passaic party were not of such a character that their sending constituted a violation of the agreement "Not to send these cards to anyone else in above line of business," except upon the theory that there would be no violation of the agreement unless the cards so supplied were absolutely identical with those furnished to the defendant in design, language and makeup. There can be no possible question about the close similarity of the two sets of cards; and there can be no question about the absolute identity of the designs that have just been described, of the paper or card board on which they were printed, and the substantial identity of the cards in size. It is quite plain in our view, that the meaning of the agreement was that the plaintiff should not supply cards substantially similar in type and makeup to anyone else within the prohibited territory; and the most cursory inspection makes it perfectly evident that the similarity is so close as almost to amount to identity.

While the well-recognized rule is that the finding of a District Court on a material question of fact will not be reversed if there is any evidence to support it, the rule is not applicable

to cases where there is no evidence to support such a finding, and in our opinion this is such a case. As was said by this court in the case of *Goodman* v. *Lehigh Valley Railroad Co.,* 75 *N. J. L.* 277, the finding in this case is one not only against the weight, but against the totality of the evidence.

The judgment of the District Court is therefore reversed and the case remanded for a new trial.