JAMES A. SULLIVAN, APPELLANT, v. MAGNOLIA CON-
STRUCTION COMPANY, RESPONDENT.

Submitted March 21, 1921.—Decided June 20, 1921.

1. The plaintiff and defendant entered into a contract by which plaintiff agreed to procure a loan to be secured by the defendant giving a mortgage on his land, out of which plaintiff was to retain $660 as payment for drawing contracts, and supervising the erection of a building by defendant on the land to be mortgaged. The loan was never made or building erected because of the default of one or the other of the parties to perform the contract. Which of them defaulted was a disputed question of fact. The plaintiff brought suit for the full amount contracted to be paid for his services as set out in the agreement and

at the close of the testimony moved for a direction for the full amount sued for. *Held*, that it was not error to refuse the motion because plaintiff's right to recover the full amount depended upon the finding of the jury which of the contractors was the defaulter.

2. The court instructed the jury that if they found that the contract was partly performed by the plaintiff, and its completion prevented by the fault of the defendant, plaintiff could only recover such proportion of the contract price as the work done should bear to the contract price, and such profits on the work not done as he would have realized had he completed his contract, applying the rule established in *Kehoe* v. *Rutherford,* 56 N. J. L. 23. *Held*, that this instruction was not erroneous.

3. Where plaintiff, under the circumstances stated, offered no testimony as to the quantity of the work done by him in partial performance, its cost, value or probable profits on the work not done he has not shown any basis for a finding in his favor, and there is nothing to submit to the jury, and therefore a direction that plaintiff is not entitled to a verdict for more than nominal damages is not injurious to the plaintiff, nor can he support a ground of appeal from such an instruction without interposing a proper exception at the trial.

On appeal from the Hudson County Circuit Court.

For the appellant, *D. Eugene Blankenhorn.*

For the respondent, *Gross & Gross.*

The opinion of the court was delivered by

BERGEN, J. This is an appeal by the plaintiff from the judgment of the Hudson County Circuit Court in his favor. Five grounds of appeal are stated, one of which is that "the verdict was contrary to the evidence in the case." As this presents a matter so often held not reviewable by this court it may be dismissed from consideration without further comment. Two of the other grounds are, the "charge of the judge was contrary to law" and "the verdict of the jury was contrary to law." Neither states in what particular the charge or the verdict were contrary to law. While rule No. 139 of the Supreme Court provides that grounds of appeal may be stated in lieu of assignments of error it does not abolish the requirement that the ground of error be pointed

out with the same particularity as in an assignment of error for which it was substituted. Applying this to these latter grounds of appeal they fall within the rule laid down by this court in *Luttlopp* v. *Heckman,* 70 *N. J. L.* 272, and cannot be considered. But two grounds of appeal remain to be considered, (a) refusal to direct a verdict for plaintiff for the full amount claimed; (b) error in directing the jury that, "if they found for plaintiff, to give a verdict for not over six cents." The action was based on a contract between the parties by the terms of which the plaintiff was to procure a loan for defendant of $11,000 secured by a mortgage to be given him by defendant on land upon which the latter proposed to erect a building. The contract provided that out of the proceeds of the loan the plaintiff should retain $660 "for the search of the title, drawing of contracts and the supervision of the payments for the benefit of Ella J. Sullivan, mortgagee." The evidence shows that by arrangement between plaintiff and Ella J. Sullivan the latter was to advance $5,000 and plaintiff $6,000; that she did place in plaintiff's hands $4,950, but that he did not provide the residue. The evidence shows that defendant refused to execute the mortgage until the $11,000 was in hand to be loaned, and therefore the building was not erected. The plaintiff brought this suit to recover the $660 and, insisting that the contract price is the measure of damages where the non-completion of the contract is due to the default of the defendant, moved for a direction in favor of the plaintiff for that sum, but clearly he was not entitled to the direction on that ground if his position was sound, for his right to recover anything depended upon the repudiation of the contract by defendant, and the performance by plaintiff at least to the extent defendant's conduct permitted, and on this point the evidence was, viewing it most favorably for the plaintiff, contradictory and therefore it would have been improper to direct for the plaintiff on the ground urged.

The remaining ground of appeal is that it was error to limit the verdict, if the jury found for the plaintiff, to nominal damages. On this branch of the case the court

instructed the jury that as it was undisputed that the plaintiff
had not fully performed the contract he could only recover
for the work done such proportion of the contract price as
the value of the work done should bear to the contract price,
together with such profits as he would have realized had he
carried out his contract to completion adopting the rule laid
down in *Kehoe* v. *Rutherford, 56 N. J. L. 23.* That this
rule is applicable to a contract such as this has been held
by this court in *Kilchell* v. *Crossley, 90 Id. 574,* where the
action was brought by an architect on a contract "to make
the plans, specifications and supervise the works" for a build-
ing to be erected by the defendant, which plaintiff was pre-
vented from completing by the act of the defendant. The
opinion of Mr. Justice Parker for this court clearly demon-
strates that *Kehoe* v. *Rutherford, supra,* is applicable to the
present controversy, and therefore in the case under review
the trial court was right in holding that plaintiff, in order
to recover for partial performance of the contract, although
completion was prevented by the defendant, must show the
value of the work done as one of the factors necessary to
establish the proportion it would bear to the contract price.
As there was no legal evidence of the value of the work done
by plaintiff the jury had no basis on which to ascertain what
proportion its value was of the work contracted to be per-
formed by the plaintiff. It may be doubtful whether it was
not error under the proofs to direct a verdict for plaintiff
even for nominal damages, but if so plaintiff was not injured,
and defendant has not appealed. What we have said is based
on the assumption that there was an exception taken to the
charge of the court which supports the ground of appeal on
which plaintiff bases his argument. Manifestly there was
no precise exception to the direction that if the jury found
for the plaintiff the verdict should not exceed six cents, but
the contention of the plaintiff is that there was an exception
which covers this ground of appeal. That exception is,
however, limited to that part of the charge which instructed
the jury that "if it shall find in damages for the plaintiff
the value of his services, if he is entitled to any compen-

sation at all for his services, and that the value of his services is based upon the work he actually did * * * the value of plaintiff's services is not to be measured by his contract but by the work he actually did." This exception is not to the instruction actually given, but it may be taken to sufficiently refer to that portion of the charge which applies the rule in *Kehoe* v. *Rutherford, supra,* which we hold was correct. There is nothing in this exception which challenges the direction as to nominal damages if the jury should find that plaintiff was entitled to recover anything. Thus it appears that there was no exception by plaintiff to the instruction upon which the ground of appeal now under consideration can be supported.

No error appearing in this record the judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.