DURALITH CORPORATION, APPELLANT, v. EDMUND VAN HOUTEN AND JENNIE HOPPER, TRADING AS A. B. VAN HOUTEN & SON, RESPONDENTS.

Submitted May 25, 1934—Decided September 27, 1934.

For the appellant, *Cole & Morrill.*

For the respondent, *Albert Comstock* and *William B. Gourley.*

The opinion of the court was delivered by

LLOYD, J. This was an action on a check given in pursuance of a written contract providing for the purchase of a paint material known as "Duralith." The contract was executed by the parties, and the purchasers (the defendants) became the distributor and dealer for the plaintiff's paints in the city of Paterson.

The defense to the action was that one Lieberman, sales agent of the plaintiff, had made certain representations to induce the making of the contract, which representations were false and material; that the contract had been in consequence rescinded, and the payment on the check stopped. There was a judgment for the defendants and the plaintiff appeals.

Substantially the only ground of appeal is that the court erred in admitting proofs of the statements and representa-

tions made by its agent Lieberman without proof of specific authority from his principal to make them.

The facts were that the defendants were engaged in the building and lumber business in Paterson. They were approached by a contact man representing the appellant corporation and invited by him to visit the office of the appellant with a view to the establishment of a dealer's agency in that city. In response to this invitation Edmund Van Houten, one of the defendants, with his two sons, went to the office of the appellant company in New York and were referred to Lieberman. After a long interview an agreement signed by the Van Houten firm and by Lieberman for the appellant was duly entered into.

The contract provided that it should become effective when signed by the dealer and approved by the Duralith Corporation at its New York office, and further that no representation or warranty of any kind should be binding upon either the Duralith Corporation or the dealer unless incorporated in the agreement.

During the course of the trial the defendants introduced evidence of representations by Lieberman to the effect that the materials to be dealt in were in use in Radio City, and that, with the exception of a few pounds which might be on the shelves of some paint stores, there was none in Paterson and that there would be no competition. These representations it was claimed were willfully false in fact. Admission of the statements of Lieberman was objected to on the ground that they were incompetent unless authority from the principal to make them was first established.

Upon discovery of the falsity of the representations the defendants rescinded the contract, tendered a return of the materials purchased, and demanded return of the note which has been given in payment therefor.

The representations, if willfully false and material to the issue, as a jury might well find them to be, constituted grounds sufficient to justify the repudiation of the contract by the defendants. The appellant, by accepting the contract (as it did when it delivered the materials, received the note

and subsequently instituted an action on the latter), could not avail itself of the rights it conferred and repudiate the means by which the contract had been secured. Neither the failure to prove the specific authority of plaintiff's agent to make the representations relied on nor the agreement relieving it from responsibility for representations and warranty, could be availed of as a defense against the fraud perpetrated by its own agent in securing the making of the agreement.

There is wide difference between the assertion of rights under an accepted contract by one seeking to avail himself of fraud as an inducement to its making, and one who because of fraud repudiates the entire transaction. It may well be that one who accepts and affirms a contract and seeks to recover for the wrong done by misrepresentation of an alleged agent is obliged to establish the agency of such agent for the purpose, but it is otherwise when the effort is to obtain relief from a contract thus induced. *Reitman* v. *Fiorillo, 76 N. J. L.* 815; *Crescent Ring Co.* v. *Travelers Insurance Co.,* 102 *Id.* 85; *Camden Securities Co.* v. *Azoff,* 112 *N. J. Eq.* 270. The evidence was not therefore inadmissible without proof of the specific authority. Nor will proof of such false representations be precluded by the insertion of clauses similar to the one incorporated in the contract in this case. *Bridger* v. *Goldsmith,* 143 *N. Y.* 424; *Grandlund* v. *Sayraf,* 263 *Mass.* 76.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.