ALICE POLLACK, PLAINTIFF-RESPONDENT, v. NEW JER-
SEY BELL TELEPHONE COMPANY, A CORPORATION,
DEFENDANT-APPELLANT.

Argued May 9, 1935—Decided November 12, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Smith & Slingerland.*

For the respondent, *Edward J. Abromson.*

The opinion of the court was delivered by

HEHER, J.   Plaintiff instituted two separate actions to
recover damages for injuries to her person and property,

asserted to have proximately resulted from defendant's negligence in the operation, on October 16th, 1933, of one of its motor trucks at the intersection of Rahway avenue and DeHart Place, in the city of Elizabeth. The District Court judge, sitting without a jury, resolved the issues in her favor; and from the consequent judgments defendant appeals. A stenographic transcript of the proceedings and testimony adduced has been certified as the state of the case. *Pamph. L.* 1905, *p.* 259. See *Paonessa* v. *Ruh, 78 N. J. L.* 253.

As the first ground for reversal, appellant urges error "in giving judgment for the plaintiff when there was no proof to support a finding of fact that the defendant was guilty of negligence."

There is a preliminary procedural question, raised by respondent, to be considered. The sufficiency of this assignment is challenged. It is said that it points to "no judicial action to be reviewed;" and reliance is placed upon the case of *Klein* v. *Shryer,* 106 *N. J. L.* 432. But the doctrine of that case is not applicable. While it was there held that a specification asserting the entire lack of "legal evidence to support the judgment * * * points to no judicial action to be reviewed," the judgment under review was entered upon a jury verdict, and in such cases quite different considerations apply.

Chapter 62 of the laws of 1916 (*Pamph. L.* 1916, *p.* 109) provides, *inter alia,* that, "where causes are submitted to the court to be heard without a jury, any error made by the court in giving final judgment in the cause shall be subject to change, modification or reversal without the grounds of objection having been specifically submitted to the court." It is now settled that, in virtue of this provision, "it is not necessary for a party to request the court, in cases where a jury is waived, to make specific findings of law or fact, or law and fact. It is sufficient if he claims judgment in his favor upon testimony adduced upon the trial. * * * A judgment presupposes a finding of facts in favor of the successful party, even if such finding be not expressed in terms, and also presupposes that, in the opinion of the judge, that party is entitled to the judgment by the law arising upon the facts."

*Smith* v. *Cruse,* 101 *N. J. L.* 82. This supplement to the Practice act permits of a review "of any errors of law residing in the findings of the trial judge, provided they shall be specified in grounds of appeal filed and served," as required by the rules of the court. *Pannonia Building and Loan Association* v. *West Side Trust Co.,* 93 *Id.* 377, 381. This statute is applicable only to errors residing in the final judgment itself, as distinguished from those occurring during the course of the trial. *General Equipment Co.* v. *Zein,* 10 *N. J. Mis. R.* 443; *affirmed,* 110 *N. J. L.* 23. It is applicable to judgments rendered in the District Courts. *Smith* v. *Cruze, supra;* *Lambert* v. *Cahill,* 2 *N. J Mis. R.* 826.

It is fundamental in the District Court act, made so by express provision, that, on an appeal such as this, findings of fact on conflicting evidence will not be reviewed, and, conversely, that the judgment will be reversed for factual insufficiency where there is no legal evidence to support it. *Doolittle* v. *Mark,* 88 *N. J. L.* 515; *Warren* v. *Finn,* 84 *Id.* 206; *Goodman* v. *Lehigh Valley Railroad Co.,* 75 *Id.* 277; *Breitbart* v. *Lurich,* 98 *Id.* 556; *Duff* v. *Prudential Insurance Co.,* 90 *Id.* 646; *Corin* v. *S. S. Kresge Co,* 10 *N. J. Mis. R.* 489; *affirmed,* 110 *N. J. L.* 378; *Pratt* v. *Union National Bank,* 81 *Id.* 588; *Tapscott* v. *McVey,* 83 *Id.* 747; *Portley* v. *Hudson and Manhattan Railroad Co.,* 111 *Id.* 204; *affirmed,* 113 *Id.* 13. And if the conclusion of the District Court rests upon a mixed question of law and fact, the judgment will not be reversed, if the conclusion is legally inferable from the facts proven. *Larned* v. *MacCarthy,* 85 *Id.* 589; *Burr* v. *Adams Express Co.,* 71 *Id.* 263; *Lapat* v. *Erie Railroad Co.,* 71 *Id.* 377; *Ruppert* v. *Zang,* 73 *Id.* 216. In the absence of anything to the contrary, a fact found by the District Court is presumed to rest upon competent proof, and the appellate court will assume a finding of fact that will support the judgment. *Steinmeyer* v. *Phenix Cheese Co.,* 91 *Id.* 351; *Dordoni* v. *Hughes,* 83 *Id.* 355; *Home Coupon Exchange Co.* v. *Goldfarb,* 78 *Id.* 146.

So tested, the specification under review is adequate. It challenges the existence of any evidence to support the fundamental finding of negligent conduct by appellant. It there-

fore exhibits an alleged error in a matter of law. Compare *Biczis* v. *Public Service Co-ordinated Transport,* 115 *N. J. L.* 407; *Press* v. *Klink,* 115 *Id.* 475. When the factual issues, real or claimed, are submitted to a jury for determination, such an assignment does not point to a reviewable judicial ruling in a matter of law; *e contra,* it does when the trial judge determines the issues without a jury. It affirms a finding of negligence entirely unsupported by evidence.

But the specification is devoid of foundation. There was evidence tending to establish the following matters of fact: The collision occurred at the intersection of Rahway avenue, one of the principal arteries of traffic in a populous area, and DeHart Place. It occurred at five o'clock in the afternoon, when traffic on Rahway avenue was unusually heavy. Stop signs were located at the intersection to halt traffic on DeHart Place, which is substantially wider north of Rahway avenue than on its south. The latter thoroughfare has a width of sixty feet, while DeHart Place, on the north side thereof, is forty-five feet wide. Respondent was operating her vehicle in an easterly direction on Rahway avenue. When she reached the intersection, moving at ten miles per hour in a line of traffic proceeding in that direction, she observed appellant's truck in DeHart Place, at a point one hundred feet north of the intersection, advancing toward it. She continued on, in the normal course of the moving traffic; and when her vehicle had reached a point midway across DeHart Place, the collision occurred. She testified that defendant's vehicle came "speedily across" the intersection. There was corroborating evidence. One witness testified that defendant's vehicle did not stop at the intersection, but crossed it "quite fast."

Appellant urges that the happening, as related by respondent and her witnesses, was a "physical impossibility," and there was no other evidence to sustain a finding of negligence. This claim is untenable. There was evidence to support the finding of the trial judge that, while respondent was proceeding across the intersection, the driver of appellant's vehicle, not regardful of respondent's safety, attempted to drive his vehicle across Rahway avenue, and thereby negligently created

the situation that resulted in injury to respondent. The question of negligence was, in the circumstances here presented, peculiarly within the province of the trier of the facts. *Lipschitz* v. *New York and New Jersey Produce Corp.,* 111 *N. J. L.* 392; *Yates* v. *Madigan,* 112 *Id.* 443; *affirmed,* 114 *Id.* 258.

Secondly, it is claimed that plaintiff was guilty of contributory negligence. But, for like considerations, this question falls into the same category.

The remaining reasons for reversal are either embraced within the foregoing, or fail to specify any error in point of law.

Judgments affirmed, with costs.