JAMES CARR, PLAINTIFF-APPELLEE, v. SABATO IORIO, DEFENDANT-APPELLANT.

Submitted October term, 1945—Decided December 10, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the appellant, *Samuel Ehrankranz* (*Harry S. Neiwirth,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This case presents for review a judgment for rental overcharges. Emergency Price Control Act of 1942. *U. S. C. A. Tit.* 50 *App.*, §§ 901, *et seq.; 56 Stat.* 23. The plaintiff, tenant, sued the defendant, landlord, in the District Court of the City of Orange, charging that the defendant, in violation of section 205(e) of the Emergency Price Control Act of 1942 and in disregard of the Maximum Rent Regulation effective in the area, unlawfully demanded and received from the plaintiff rents in excess of the amount fixed by the Administrator of the Office of Price Administration for the premises occupied by the plaintiff and owned by the defendant.

Defendant denied the overcharges and set up a counter-claim alleging that the plaintiff was indebted to the defendant in the sum of $108 for four months rent.

The case was tried before the trial judge, without a jury. The proofs on the part of the plaintiff were that he had over-paid $3 a month for the months of September, October, November and December, 1943, and $3 a month for the months of January, February, March, April, May, June, July, August, September and October, 1944, and that he was not indebted to the defendant for any rent. On the other hand, the proofs on the part of the defendant were that he made no overcharges and was not paid for any overcharges; that the $3 difference between the maximum permissible rental price of $27 and the $30 paid by plaintiff and accepted by defendant was paid on account of rental "arrearages for previous months;" and that plaintiff was indebted to defendant for the rent as set down in his counter-claim. In this posture of the conflicting proofs, the trial judge rendered a judgment of $400 and costs (covering, by consent, the limited statutory period of twelve months) in favor of the plaintiff and against the defendant, and found against the defendant on his counter-claim. Defendant appeals. No brief was filed for the plaintiff.

It is fundamental that findings of facts by the trial judge in the District Court on conflicting evidence are conclusive

on appeal. *N. J. S. A.* 2:32–202. *Cf. Lewis* v. *V. LaRosa & Sons, Inc.,* 128 *N. J. L.* 474; 26 *Atl. Rep.* (*2d*) 879; *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28; 181 *Atl. Rep.* 318; *Service Fuel Oil Co.* v. *Hoboken Bank for Savings,* 118 *N. J. L.* 61; 191 *Atl. Rep.* 551. The Supreme Court will not weigh the evidence. If, as here, there is legal evidence to support the judgment, it will not be reversed. *Cf. DeBourbon* v. *Costanzo,* 126 *N. J. L.* 425; 19 *Atl. Rep.* (*2d*) 824.

The judgment is affirmed, with costs.