RICHARD UNDERWOOD, PLAINTIFF-APPELLEE, v. JOSEPH KATZ, DEFENDANT-APPELLANT.

Submitted October 1, 1946—Decided February 10, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

'For the plaintiff-appellee, *James A. McTague.*

For the defendant-appellant, *Harry Indursky.*

The opinion of the court was delivered by

EASTWOOD, J.   Defendant-appellant appeals from a judgment entered in the District Court against him in the amount of $330, representing the value fixed by the court below, sitting as court and jury, for the use and occupation of premises known as Nos. 93 and 97 Jackson Avenue, Jersey City, New Jersey.   Number 93 Jackson Avenue is claimed to have been used and occupied by the defendant-appellant from March 1st, 1943, to July 1st, 1944, a period of sixteen months, and No. 97 Jackson Avenue is claimed to have been used and occupied by the defendant-appellant from February 1st, 1943, to July 1st, 1944, a period of seventeen months.   Plaintiff sued for the reasonable value for the use and occupancy of the premises in question at the rent of $16 a month.   The court below determined that the reasonable value for said premises was $10 a month, and entered judgment in favor of the plaintiff for $330.

We have carefully considered the state of case as settled by the trial court and find that although there may not have

been an express contract to pay rent, there was, to say the least, an implied promise on the part of the defendant to make payment for the reasonable value for use and occupancy of the premises in question. We find nothing in the evidence from the character of the occupancy as would negative the existence of a tenancy. This being so, the law will imply a contract to pay a reasonable rental for the use and occupancy by the occupant thereof. *Chambers* v. *Ross*, 25 *N. J. L.* 293 (opinion by Chief Justice Green). The trial court found as a matter of fact, that the defendant had used the premises in question as storerooms during the period for which the plaintiff seeks recovery. The trial court also found as a matter of fact, that the parties agreed that upon the defendant entering into possession of the respective stores, that the defendant was to pay the plaintiff a reasonable sum for the use and occupation of the said stores; that to-let signs were to remain in the stores and defendant was to vacate the stores upon demand by the plaintiff; that the defendant did occupy the said stores until the 1st of July, 1944, during which time he paid plaintiff no rent, although rent had been demanded on several occasions; that defendant promised plaintiff to pay the said rent as soon as he made sufficient moneys to do so, when he would pay in a lump sum; that on July 1st, 1944, plaintiff informed defendant that he had rented store, 97 Jackson Avenue for the sum of $25 per month to another tenant and demanded possession thereof, and defendant thereupon vacated the said store. Defendant admitted he was badly in need of storage space and in order to prevent plaintiff from renting store known as 93 Jackson Avenue to another tenant, did on July 1st, 1944, agree with plaintiff to pay him rent therefor at the rate of $25 per month as a monthly tenant; that defendant occupied the said store as well as the corner store up to the date of suit. Defendant paid rent to the plaintiff for this store until September, 1945, when plaintiff sold the building. Testimony was introduced, over objection, to the effect that 97 Jackson Avenue, vacated on January 1st, 1943, had been rented to the previous tenant for $55 per month, together with testimony, also permitted over objection, to the effect that 93 Jackson Avenue had been

rented to the previous tenant for $25 per month, as well as testimony, permitted over objection, of a conversation by the plaintiff with the defendant whereby the defendant agreed, commencing July 1st, 1944, to pay rent for the store, 93 Jackson Avenue, at the rate of $25.

By way of defense, the defendant-appellant has filed a specification of determinations of the District Court with which he is dissatisfied in point of law. Briefly stated, such specification of determinations sets forth that the District Court erred in its various findings of fact and in the admission of testimony above referred to.

It is fundamental that findings of fact by the trial judge, sitting as court and jury in the District ourt, on conflicting evidence, are conclusive on appeal. *R. S.* 2:32–202. *Vischia* v. *Benjamin Motor Express, Inc., et al.,* 24 *N. J. Mis. R.* 255; 48 *Atl. Rep.* (*2d*) 391 (opinion by Mr. Justice Perskie); *Carr* v. *Iorio,* 24 *N. J. Mis. R.* 257; 48 *Atl. Rep.* (*2d*) 392 (opinion by Mr. Justice Perskie). The Supreme Court will not weigh the evidence. If, as here, there is any legal evidence to support the judgment, it will not be reversed. *Vischia* v. *Benjamin Motor Express, Inc., et al., supra; Carr* v. *Iorio, supra.* We find that there was abundant evidence to support the findings of fact by the trial court. They will not be disturbed. The admission of testimony over objection, as to previous rentals particularly for the premises in question was, to say the least, harmless. We conclude that the rental value fixed at $10 per month for each of the two stores by the trial judge was entirely justified by the evidence. We have considered the other points presented by the defendant and find them all to be without merit.

The judgment below is affirmed, with costs.