[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 63 
This is an appeal in a negligence action from a judgment rendered in favor of the defendants by the District Court of the First Judicial District of the County of Bergen.
Plaintiff was driving his car in an easterly direction along the Pulaski Skyway in a line of traffic traveling approximately 35 miles an hour. The day was clear, traffic was heavy both easterly and westerly, and the cars were traveling about two or three lengths apart. The two cars immediately preceding plaintiff's car collided causing him to stop abruptly. Immediately thereafter, the defendant Saylor's car struck plaintiff's car in the rear and following that impact, the defendant Weiden's car struck the defendant Saylor's car which, in turn, caused the defendant Saylor's car again to strike the plaintiff's car. Plaintiff's car was equipped with a stop light which flashed red when the brakes were applied. On cross-examination plaintiff testified that the accident was precipitated by the cars ahead of him stopping without warning, and that he, in turn, could not give the cars behind him sufficient warning.
In the District Court plaintiff sought recovery from the defendants Saylor and Weiden on the ground that the negligent *Page 64 
operation of their cars had resulted in the damage to his car. After the plaintiff had introduced his evidence, the court reserved decision on motions to non-suit. The defendant Weiden rested without introducing any evidence and moved for a directed verdict. The court likewise reserved decision on this motion. The defendant Saylor then presented his evidence and at the close thereof rested. After hearing summations by counsel for the plaintiff and the defendant Saylor, the Judge reserved decision stating that he would study the exhibits and his notes and that he might desire the testimony. A week later the court rendered its decision which was in the following form:
"A judgment for the plaintiff against either defendant would have to be predicated upon a finding that such defendant was negligent in the operation of his car at the time of the accident and that such negligent action was the proximate cause of the collision in which the plaintiff suffered damages; after having given the matter careful consideration I am satisfied that plaintiff has failed to establish such negligent operation on the part of either defendant.
"Defendants' motions are therefore granted and judgment of No Cause of Action will be entered."
Plaintiff does not dispute that if the trial below had been before a jury which had found for the defendants, its finding would not, under the evidence presented, be subject to attack. See Simpson v. Snellenburg, 96 N.J.L. 518, 520 (E. A.
1921). Nor does he dispute that if the District Court sitting without a jury had simply entered judgment for the defendants, its action would be deemed to constitute a finding of fact, sufficient under the evidence presented, to sustain the judgment. See Pollack v. New Jersey Bell Telephone Co., 116 N.J.L. 28,30 (Sup.Ct. 1935). However, he does contend that the District Court did not make a finding of fact against the plaintiff but decided, "as a matter of law," that there was no evidence of negligence and that in doing so he fell into error. This contention is rested on cases such as Higgins v. GoerkeKirch Co., 92 N.J.L. 424, 425 (E. A. 1919) where the court stated that:
"If the judge, sitting as a jury, had said he did not think plaintiff had shown negligence, his finding would be impregnable on an appeal raising only matters of law; but in dealing with the question as one for the court rather than for the jury, he fell into an error * * *." *Page 65 
The distinction, as sought to be applied to the situation before us, would seem somewhat tenuous since a trial judge, sitting without jury, who has concluded from all the testimony in the case, that there would be insufficient evidence of negligence to be submitted to a jury if one had been drawn, has presumably determined, as a fact, that no negligence has been shown. However, the distinction need not detain us since we are satisfied from the entire record that the trial judge did make a finding of fact, rather than of law, that the plaintiff had not established negligence.
In his decision he expressly stated that a judgment against either defendant "would have to be predicated upon a finding that such defendant was negligent" and that after having given the matter careful consideration, he was "satisfied that plaintiff has failed to establish such negligent operation on the part of either defendant." That was a clear determination on the facts against the plaintiff and in favor of the defendants and the "judgment of no cause of action" was properly entered on the basis thereof. While it is true that the trial judge made the additional statement that the defendants' motions were granted, this did not harm the plaintiff and may be disregarded, as surplusage, in view of the explicit finding that negligence had not been established and the entry of judgment thereon.
In the light of the foregoing conclusion, the only question remaining is whether this court will upset the trial judge's factual finding in favor of the defendants on the issue of negligence. Under the former practice, the finding, being based on competent evidence, would be binding. See Underwood v. Katz,135 N.J.L. 214, 216 (Sup.Ct. 1947). Under the present Rules this court is empowered to review the facts. See Rules
1:2-20 and 4:2-6. However, since there was ample evidence in the record to justify the trial judge's finding, we see no justification for disturbing it. See DeMoors v. AtlanticCasualty Insurance Company of Newark, 1 N.J. Super. 1,61 Atl. (2d) 511 (App.Div. 1948).
The judgment is affirmed. *Page 66