6 N.J. Super. 259 (1950)
71 A.2d 146
GLADYS T. FOSTER, PLAINTIFF-RESPONDENT,
v.
VICTOR TILL, TRADING AS BRIELLE YACHT CLUB, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1950.
Decided February 1, 1950.
*260 Before Judges JACOBS, DONGES and BIGELOW.
Mr. James R. Laird argued the cause for plaintiff-respondent (Mr. Thomas D. Nary, attorney).
Mr. Harry L. Giberson, Jr., argued the cause for defendant-appellant (Mr. A. Henry Giordano, attorney), Mr. Henry W. Sayrs on the brief.
The opinion of the court was delivered by DONGES, J.A.D.
This is an appeal from a judgment of the Monmouth County District Court, Part 1, entered in favor of the plaintiff, in a civil action founded on a complaint alleging that the sum of $450 is due plaintiff under an alleged contract of hiring.
Plaintiff testified to a contract of hiring, on or about May 14, 1948, at a salary of $50 per week, as manager of the Brielle Yacht Club. She further testified that she was, also, to receive 50% of the profits of the restaurant and 1% of the net bar profits, if any. The plaintiff was corroborated by her son. Donald Foster, in that he was present when the hiring agreement was made and that the defendant stated "he wanted someone to take the restaurant off his hands and manage it for him."
The plaintiff next produced one Walter Weber, a chef, who testified that he spoke with the defendant regarding a job and was told he had a new manager. He further stated that *261 he, Weber, had been hired by the plaintiff. The witness also testified to certain remarks made by the defendant to the effect that he, the defendant, was the proprietor and the plaintiff was just his manager. The defendant also advised the witness on July 24, 1948, that he was going to fire the plaintiff.
Pauline Foster, plaintiff's daughter-in-law, was plaintiff's next witness. She stated that she was the bookkeeper for the business and, from her knowledge of the records and accounts, stated that the plaintiff had never been paid, notwithstanding the fact that checks were drawn. She also stated that the checks were never paid by the bank upon which they were drawn, nor was cash given the plaintiff for them.
The defendant by way of defense contends that the plaintiff was not an employee but was a partner in the business. At the trial, he denied the relationship of employer and employee, and stated that his discussion with the plaintiff was for the taking over of the restaurant on a partnership basis, with a drawing account of $50 per week against profits.
Defendant also contended, by way of defense, that even if the court found an employer-employee relationship, plaintiff was not entitled to recover. He claimed that the plaintiff had been paid, because of the fact that certain salary checks had been found in a container. However, the checks were not cancelled and were not cashed.
The court below found, as a fact, that there was no partnership and that plaintiff was not paid, except to the amount of $100. The court, therefore, rendered a judgment in the amount of $350 in favor of plaintiff.
The defendant now claims that the court below erred in finding that plaintiff established her case by a preponderance of the evidence.
The issue in this case is purely one of fact. Whether plaintiff was hired as an employee, or whether she was to be a partner, is a question of fact to be decided by the trier of fact. This is equally true with respect to the question of whether plaintiff was paid.
Under the procedure in effect prior to September 15, 1948, findings of fact by a trial judge on conflicting evidence, *262 was conclusive on appeal. R.S. 2:32-202. See also Underwood v. Katz, 135 N.J.L. 214, 216 (Sup. Ct. 1947). Under present court Rules 1:2-20 and 4:2-6, the appellate court is empowered to review the facts. Where, as here, however, the only basis for an appeal from an adverse judgment clearly appears to involve a controversial factual issue, this court will not review the facts and make independent findings thereon, unless the interests of justice may so require. Walcutt v. Holiday Motors, 1 N.J. Super. 117 (App. Div. 1948).
There was ample evidence here to justify the trial judge's finding and we see no justification for disturbing it. DeMoors v. Atlantic Casualty Insurance Company of Newark, 1 N.J. Super. 1 (App. Div. 1948); Tuzio v. Saylor, 1 N.J. Super. 61 (App. Div. 1948); Walcutt v. Holiday Motors, supra.
The judgment below is affirmed with costs.