9 N.J. Super. 166 (1950)
75 A.2d 549
SERIES PUBLISHERS, INC., PLAINTIFF-RESPONDENT,
v.
CHARLES S. GREENE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1950.
Decided September 19, 1950.
*168 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. A. David Epstein argued the cause for the appellant (Mr. Albert Rathblott, attorney).
Mr. Charles Crabbe Thomas argued the cause for the respondent.
The opinion of the court was delivered by JAYNE, J.S.C.
The amount of money involved in this case is relatively inconsiderable. It is less than $1000. Obviously, the expense of prosecuting this appeal is incurred in quest of justice rather than in the expectant achievement of any personal pecuniary advantage. Concededly, justice is not qualified by the monetary importance or insignificance of the controversial issue.
The plaintiff sued to recover from the defendant the purchase price, less the initial down payment, of a set of books entitled The Smithsonian Series.
The defendant answering the state of demand averred (1) that at the time of the agreement "the authorized agent of the plaintiff did display a certain sample book and did expressly represent that the set or series of books to be purchased and delivered to defendant would correspond exactly with the sample exhibited, whereas the set or series of books shipped by the plaintiff to the defendant did not in any reasonable manner correspond with the sample"; (2) that the agent did "expressly warrant and represent to the defendant that the set or series of books would be printed on a certain quality paper and contain a certain type of printing, whereas the books actually shipped by the plaintiff to the defendant were not in any manner of the quality paper or type of printing as expressly warranted by the agent of the plaintiff."
The defendant promptly rescinded the agreement, returned the books, and counterclaimed the amount of his initial deposit. R.S. 46:30-18, 20, 22, 75(1) (d), N.J.S.A.
*169 It is immediately obvious that the nucleus of the controversy appertained to the quality and characteristics of the sample submitted to the defendant by the agent of the plaintiff and to the concurrent representations of the agent.
The plaintiff sought to sustain its cause of action by the testimony of two witnesses. The one, McAndrews, testified that he prepared the sample kits for the use of the salesmen and that if the sample contained in the kit was the one exhibited to the defendant, which he assumed was true, the books were in conformity with it. The other witness, Wilson, an authority on the quality of paper, was shown the sample selected for the kit and also the books, and testified that in his opinion the quality of the paper was substantially comparable and that the paper in both was of a fair grade of commercial paper.
The foregoing testimony and the sample produced by the witness McAndrews were admitted in evidence over the objection of the attorney for the defendant. Neither witness was present during the negotiations between the plaintiff's agent and the defendant, and neither pretended to have any personal knowledge of the nature of the sample actually displayed to the defendant or of any warranties and representations made by the agent to the defendant and his wife.
The defendant and his wife, who dealt with the agent of the plaintiff in the transaction, verified by their testimony the averments of the answer and the allegations of the counterclaim.
We perceive nothing in the summarization of the testimony of the witnesses appearing in the settlement of the state of the case which impugned the credibility of the testimony of the defendant, Dr. Greene, and the corroborant testimony of his wife, or which in any particular justified the repudiation of their testimony.
In such a situation, relevant proof was required of the plaintiff in order to vanquish a valid defense thus supported.
Despite the existing state of the evidence, the trial judge who heard the case without a jury rendered judgment for the *170 plaintiff and dismissed the counterclaim. We do not have before us any explanatory opinion by the court.
In reviewing this case we note with some concern that although the plaintiff was forewarned of the point of controversy by the defendant's written answer, the agent Moses, who could have identified the sample which he actually exhibited to the defendant and divulged the representations that he made, was not produced as a witness, nor was his absence in any wise explained. It may in such circumstances be legitimately inferred that, if produced, he would not have refuted the critical testimony of the defendant and his wife. "His failure to appear at least gives some indication as to where the truth resides." Van Bernum v. Van Bernum, 140 N.J. Eq. 413, 55 A.2d 51 (E. & A. 1947); Wigmore on Evidence, § 285. A judge who is the trier of the facts may, like a jury, attribute significance to the failure of a party to call a witness who would normally be a material witness for such party. Robinson v. Equitable Life Assurance Society, 126 N.J. Eq. 242, 8 A.2d 600 (E. & A. 1939).
We think that the testimony of the plaintiff's witnesses was incompetent in its application to the issue constructed by the pleadings. Hirshberg, Hollander & Co. v. John F. Robinson & Son, 75 N.J.L. 256, 66 A. 925 (Sup. Ct. 1907).
While the plaintiff may be an innocent vendor, yet it cannot affirmatively avail itself of the fruits of the misrepresentations of its agent even though they were unauthorized. Reitman v. Fiorillo, 76 N.J.L. 815, 72 A. 74 (E. & A. 1909).
The presence in the subscription agreement of the clause designed to liberate the vendor (plaintiff) from any imputed responsibility for the declarations and representations of its agent dehors the writing has not escaped our attention. Its intended effectiveness does not encompass and preclude proof of false representations of an agent in procuring the execution of the contract. Duralith Corp. v. Van Houten, 113 N.J.L. 374, 174 A. 484 (E. & A. 1934).
Formerly the finding of a District Court on a material question of fact would not be reversed if there was any competent *171 evidence to support it, but even then the rule was not applicable to cases in which the finding was not only against the weight, but against the totality of the evidence relevant to the issue. Doolittle v. Hundertmark, 88 N.J.L. 515, 97 A. 47 (Sup. Ct. 1916).
We are now empowered to review the evidence relating to the facts and where the controversial issue is essentially factual, we may make our own findings where in our judgment the interests of justice so require. Rule 1:2-20 and Rule 4:2-6; Walcutt v. Holiday Motors, Inc., 1 N.J. Super. 117, 61 A.2d 546 (App. Div. 1948); Foster v. Till, 6 N.J. Super. 259, 71 A.2d 146 (App. Div. 1950).
The judgment is reversed and the case remanded for a new trial.