16 N.J. Super. 324 (1951)
84 A.2d 628
WILLIAM A. GOLDMAN AND PAULA R. GOLDMAN, PLAINTIFFS-APPELLANTS,
v.
SAM SHAPIRO, HUGO PRONTI, AND EMCO CEMENT PRODUCTS, INC., A CORPORATION OF PENNSYLVANIA, IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1951.
Decided November 27, 1951.
*326 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Leo Yanoff argued the cause for appellants (Mr. Julius A. Feinberg and Messrs. Green and Yanoff, attorneys; Mr. Albert Burstein, on the brief).
Mr. David B. Schackner argued the cause for respondents (Messrs. Fox & Schackner, attorneys).
The opinion of the court was delivered PER CURIAM.
The determination of the controversial issues of fact by the judge of the Essex County District Court sitting without a jury resulted in the entry of a judgment in this action exonerating the defendant Shapiro from all liability on the plaintiffs' complaint and awarding that defendant the sum of $260 damages on his counterclaim against the plaintiffs. The plaintiffs appeal.
True, we are now empowered to review the evidence relating to the facts, and where the controversial issue is essentially factual we may make our own findings where in our judgment the interests of justice so require. Rule 1:2-20; Rule 4:2-6; De Moors v. Atlantic Casualty Insurance Company, 1 N.J. Super. 1 (App. Div. 1948); Tuzio v. Saylor, 1 N.J. Super. 61 (App. Div. 1948); Walcutt v. Holiday Motors, 1 N.J. Super. 117 (App. Div. 1948); Series Publishers, Inc., v. Greene, 9 N.J. Super. 166 (App. Div. 1950).
In the present case no stenographic record was made of the evidence or proceedings in the district court. The appeal is before us on the trial court's findings of fact filed pursuant to Rule 7:13-3, to which the scope of our review is necessarily confined. Bancroft Realty Co. v. Alencewicz, 7 N.J. Super. 105, 109 (App. Div. 1950).
Recognizing the superior opportunity of the trial judge to estimate the credibility and thus the preponderant weight *327 of the believable testimony, we perceive in the summary of the evidence adequate support for all of his findings of fact save that in which he resolved that "there was a contract in being as a result of the Defendant's offer and the Plaintiffs' acceptance of same."
If, in consequence of our consideration of the testimony we were to concur in the conclusion of the trial judge that the defendant's written proposal had been accepted by the plaintiffs, then we would have reason to say that the trial judge erroneously adopted an inapplicable measure of damages in awarding the defendant "the reasonable value of the labor performed and materials supplied" by him in the partial performance of the express contract.
When, under a valid contract to perform a specified work for a specified price, the contractor has done part and has been prevented from performing completely through the wrongful intervention of the other party, the measure of the contractor's damages is generally, for the work actually performed, such a proportion of the entire price as the fair cost of that work bears to the fair cost of the whole work, and, in respect to the work not performed, such profits as he would have realized as a result of complete performance. Kehoe v. Rutherford, 56 N.J.L. 23 (Sup. Ct. 1893); Sullivan v. Moffatt, 70 N.J.L. 4 (Sup. Ct. 1903); Kitchell v. Crossley, 90 N.J.L. 574 (E. & A. 1917); Cavanagh v. Ridgefield, 94 N.J.L. 147 (E. & A. 1920); Sullivan v. Magnolia Construction Co., 96 N.J.L. 214 (E. & A. 1921).
Here we have a somewhat anomalous situation. Appellants contended in the court below and assert here that the evidence did not warrant a finding that the proposed contract had been consummated. We agree.
In the early case of Wharton v. Stoutenburgh, 35 N.J. Eq. 266, 273 (E. & A. 1882), the court stated: "The fact that parties negotiating a contract contemplated that a formal agreement should be prepared and signed, is some evidence that they did not intend to bind themselves until the agreement was reduced to writing and signed." The evidence in *328 the present action is exceedingly persuasive that the parties contemplated the execution of a written agreement as the final consummation of their bargain.
The trial judge, however, justifiably found that in the existing factual circumstances the plaintiffs authorized the defendant to begin the work and then prevented the latter from proceeding. The defendant, evidently conceding that the contract concerning the performance of the work had not been consummated, filed his counterclaim in disregard of the embryonic contractual negotiations and sought to recover from the plaintiffs on an implied assumpsit the reasonable value of the labor performed and materials supplied. The uncontroverted evidence disclosed that such reasonable value was $260, in which sum the damages were awarded. Had the award been based on the existence of the proposed contract, including a loss of profits, the appellants in view of our conception of the evidence would have been aggrieved. As it is, the award is in harmony with the proofs. Compare Head v. Theis, 106 N.J.L. 281, 284 (Sup. Ct. 1930).
There is no significant reason to nullify the judgment under review. It is affirmed.