STATE, GARRET E. WINANTS, PROSECUTOR, v. MAYOR AND
COUNCIL OF THE CITY OF BAYONNE.

The charter of a city gave the common council power to pass ordinances
to license and regulate or prohibit inns or taverns, restaurants and
beer saloons, provided that no license should be granted by the board
of councilmen, except upon a recommendation in writing, signed by at
least ten freeholders, who shall not have recommended for license any
other person who, at the time of the presentation of such recommenda-
tion, is awaiting the action of the board of councilmen, upon an appli-
cation for a license, or who is licensed by said board.    Held—

1. That applications for licenses must be made to the common coun-
cil, and the propriety of granting a license must be passed upon by the
common council, and that the power to license could not be delegated
by ordinance to the mayor or any one else.

2. That the power of the common council was limited to licensing
beer saloons—places occupied by the applicants in which the business
of selling is to be carried on as a regular business—and that the
common council had no power, by a license or permit, to authorize
the sale of such beverages at any other place than a regularly-licensed
beer saloon.

3. That an ordinance authorizing the mayor, upon recommendation
of the common council, to issue a permit for the sale of ale, beer and
other malt beverages, at picnics or social gatherings, for a license fee,
was illegal and void.

On *certiorari*.

Argued at November Term, 1881, before Justices DEPUE,
VAN SYCKEL and PARKER.

For the prosecutor, *Gilbert Collins*.

The opinion of the court was delivered by

DEPUE, J.    This writ is prosecuted for the purpose of
bringing under review an ordinance passed by the common
council of the city of Bayonne on the 16th of August, 1881,
entitled " An ordinance regulating the sale of ale, beer or
other malt beverages, at picnics and other social gatherings."

Section 1 prohibits the sale or exposing for sale of any ale, beer or other malt beverages, at any picnic or social gathering within the city limits, except upon permission granted by the common council and approved by the mayor. Section 2 authorizes the mayor, upon recommendation of the common council, to issue a permit to any person, authorizing the sale of such beverages at picnics or social gatherings, for a license fee of not less than $10 nor more than $25.

Section 40, subdivision 14, of the charter of Bayonne empowers the common council of Bayonne to pass ordinances to license and regulate or prohibit inns or taverns, restaurants and beer saloons, and to prohibit all traffic in or sale of intoxicating drinks. *Pamph. L.* 1872, *p.* 703.

The ordinance in question was not designed as a prohibition on the sale of malt liquors. Its purpose was to provide a method by which the sale of such beverages, on the specified occasions, might be legalized by a permit to be issued by the mayor.

The city charter was approved on the 22d of March, 1872. On the 4th of April, 1872, the general statute was passed prohibiting the sale of malt liquors without a license, and providing for the licensing of beer saloons by the Court of Common Pleas, such license to remain in force one year. The provisions of this act do not apply to any township, city or incorporated town in which laws were in force regulating the sale of any of the liquors mentioned in the statute. *Rev., p.* 494.

By a supplement to the city charter, passed on the 27th of March, 1874, subdivision 14 of section 40 was amended by adding the following proviso : " And be it enacted, that section 40 of the act to which this is a supplement be, and the same is, hereby amended, by adding to subsection fourteen in said section 40 the following proviso : ' Provided, that no license above provided for shall be granted by said board of councilmen, except upon the recommendation, in writing, of the party making application therefor, by at least ten freeholders residing and owning real estate in the city of Bayonne,

who shall not have recommended for 'license any other person who, at the time of the presentation of such recommendation, is awaiting the action of the board of councilmen upon an application for a license, or who is licensed by said board.'" *Pamph. L.* 1874, *p.* 546.

By force of this legislation, the power to license is conferred on the common council. It may pass ordinances regulating the mode in which the common council shall administer its powers, but each individual applicant must make his application to that body with such a recommendation as is prescribed by the act of 1874, and the propriety of granting the license must be passed upon by the common council. It cannot, by ordinance, delegate the power to the mayor or any one else.

Furthermore, the power of the common council is limited to licensing beer saloons—places occupied by the applicants in which the business of selling is to be carried on as a regular business. The common council has no power, by a license or permit, to authorize the sale of such beverages by an individual, at any other place than a regularly-licensed beer saloon.

The ordinance is set aside, with costs.