THE STATE, THE TRUSTEES OF THE WARREN STREET CHAPEL ET AL., PROSECUTORS, v. THE BOARD OF EXCISE COMMISSIONERS OF TRENTON AND THOMAS H. COX.

1. The rules of the board of excise require applications for new licenses to be granted at certain stated times. The board cannot, at a meeting held at another time, lawfully suspend its rules for the purpose of granting such new license at once, because it deprives those opposed to license of a reasonable opportunity to be heard.

2. The applicant must have a building upon his premises to authorize the granting of a license.   License cannot be granted for a building to be erected in the future.

3. The prohibited distance between licensed places and a church or school-house must be measured by the nearest mode of access.

---

'On *certiorari.*

Argued at November Term, 1893, before Justices DEPUE, VAN SYCKEL and REED.

For the plaintiffs, *Carroll Robbins* and *Frank S. Katzenbach, Jr.*

For the defendants, *Edwin Robert Walker.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The relators in this case seek to set aside a license granted by the board of excise commissioners of Trenton to Thomas H. Cox to sell intoxicating liquors at No. 6 Pennington avenue in said city.

We think the license must be set aside for the following reasons :

*First.* The application was for a license to be granted for a new place, which is within two hundred feet of the Warren Street Chapel of the Methodist Episcopal Church.   Section 9 of the ordinances of the excise board forbids the granting of a license in such case.

In *Leigh* v. *Hind,* 9 *Barn. & C.* 774, the assignor of a lease of a public house in London covenanted that he would not keep a public house within the distance of half a mile from the premises assigned.   Lord Tenterden and Justice Littledale held that the distance must be measured by the shortest way of access between the two places, although that required the use of the footpath part of the way and the carriage road the other part of the way.   Justice Parke adopted the more stringent rule, that the distance should be measured between the two points without regard to the means of com-

munication. This rule excluded the right to grant the defendant's application. Measured by the nearest mode of access, his house is within the prohibited distance. See, also, *Commonwealth* v. *Jones,* 142 *Mass.* 573.

While the present ordinance is in force no license can legally be granted to Cox.

*Second.* Because the license, being for a new place, was not granted at a meeting held upon the second Wednesday of either August, November or February, or at a time to which any of said meetings had been adjourned, but at the monthly meeting in April, contrary to the rules of the board of excise.

The board suspended its rules for the purpose of enabling it to grant this license immediately.

The public is interested in knowing when licenses are to be considered and passed upon. *Dufford* v. *Nolan,* 17 *Vroom* 87 ; *Austin* v. *Atlantic City,* 19 *Id.* 118.

Persons opposed to this license had a right to suppose that the board would hear it in the orderly way, according to its own rules. No more effectual way could be desired to prevent the opponents of license from being heard than that resorted to in this case.

Even admitting that this was a mere rule as distinguished from a by-law or ordinance, and that it was not necessary to repeal it in the manner provided by the statute for repealing ordinances and by-laws, still the board was bound, in suspending its rules, to afford reasonable time and opportunity for a hearing to those who might desire to resist the granting of the license.

State legislatures and like bodies may undoubtedly suspend their rules at pleasure in order to pass bills, but the cases are not parallel. In such legislative proceedings the members alone are concerned. The public have no legal right to be heard upon the passage of a bill.

*Third.* Because, at the time the license was granted, the applicant had no building upon his lot.

The third section of the act of 1889 (*Pamph. L., p.* 78) requires the application for license to be in writing, stating

"the township, town, borough or city, and the building or place therein in which the sale of such liquor is to be carried on."

This language clearly implies that there must be a building in existence for which the license to sell liquor is desired, and unless there is such building the applicant cannot comply with the requirement of the statute. License cannot be granted for a building to be erected in the future.

The licensee must be the occupant of an existing building in which the sale of liquor is to be conducted. *Winants* v. *Bayonne*, 15 *Vroom* 114.

It is not necessary to consider the other reasons relied upon for reversal.