HENRY W. LEEDS v. ATLANTIC CITY AND WILLIAM ALTREUTER.

Submitted March 23, 1911—Decided June 6, 1911.

1. The act under which Atlantic City is incorporated (*Pamph. L.* 1902, *p.* 284) gives the city council power to license or prohibit the sale of intoxicating liquors within the city, and by ordinance to regulate and prescribe the terms and conditions upon which licenses shall be granted; and enacts that the form of application and mode of procedure under the general laws of the state, when not inconsistent with the present act, shall be observed. *Held*, that the power of the city council to license is in abeyance until it has adopted an ordinance to regulate and prescribe the terms and conditions upon which licenses can be granted.

2. An application for a license to sell spirituous liquors under the general laws of the state must be in the form prescribed for an application for license to keep an inn or tavern; and in the absence of special act to the contrary an application which fails to set forth what is required in an application to keep an inn or tavern, is insufficient.

On *certiorari*.

Before Justices SWAYZE, BERGEN and MINTURN.

For the prosecutor, *Thompson & Smathers.*

For Altreuter, *Samuel E. Perry.*

For Atlantic City, *Harry Wootton.*

The opinion of the court was delivered by

SWAYZE, J. William Altreuter applied to the city council of Atlantic City for a license to sell spirituous, vinous, malt and all intoxicating liquors at retail. The petition was endorsed by a number of freeholders who recommended that the petitioner be licensed, and certified that he was of good repute for honesty and temperance; that the premises designated were suitable for conducting the business, and that the sell-

ing of spirituous, vinous, malt and all intoxicating liquors at retail at the location was necessary and would conduce to the public good. The license was granted, and these proceedings thereupon begun to set it aside. By the charter of Atlantic City (*Pamph. L.* 1902, *p.* 284) power is given to the city council to license or prohibit the sale of malt, spirituous, vinous and all intoxicating liquors within the city; and by ordinance to regulate and prescribe the terms and conditions upon which licenses shall be granted. Section 21 enacts that the form of application and mode of procedure now or hereafter prescribed for the granting of licenses to sell vinous, malt or spirituous liquors or intoxicating drinks by the general laws of this state applicable thereto, when not inconsistent with the provisions of this act, shall be observed. It is asserted in the brief of the prosecutor that no ordinance has ever been adopted by Atlantic City. The printed case is silent upon the subject. Although the language of the charter is somewhat different from the language of the act which was under review in *Ellis* v. *Board of Excise,* 30 *Vroom* 151, the reasoning of that case leads to the conclusion that the power of the city council is in abeyance until it has adopted an ordinance to regulate and prescribe the terms and conditions upon which licenses can be granted. Moreover, under section 21, in the absence of any such ordinance, it is essential that the form of application and mode of procedure should conform to the general law of the state. As we said in *Conover* v. *Gregson,* 43 *Id.* 103, there seems to be no general law regulating the sale of spirituous liquors at retail except the Inns and Taverns act. No doubt there are statutes and charters of various cities which modify the requirements of that act, but those charters either apply only to the single municipality or are statutes similar in character to the acts to be found in the General Statutes, on pages 1800, 1801 and 1802, which apply to certain classes of municipalities in which Atlantic City is not included. These acts applicable to single cities or to a special class of cities are not the general laws of this state within the meaning of section 21. The application in Conover *v.* Gregson was properly for a license

to keep an inn and tavern. This application, however, carefully avoids being an application of that character, and the applicant seeks only for a license to sell spirituous and other liquors at retail. His application does not conform with the requirements of the statute as to an application to keep an inn and tavern, and as far as the case shows Atlantic City is without power to grant such a license as he sought. The proceedings must therefore be set aside, with costs.