SAMUEL LONDA v. PETER M. KLING ET AL.

Submitted July 5, 1912—Decided November 27, 1912.

The excise commissioners passed a general resolution purporting to deny new licenses for the sale of intoxicating liquors until January 1st, 1913. Before the expiration of that period they granted a license to the owner of a place which had been previously licensed, but whose application for a renewal for the previous year had been refused. In the interim the owner had not abandoned the place, but had altered and repaired it with a view to the continuance of the business when licensed. *Held*, that the place was not a new place, and that the resolution in question did not include it.

On. *certiorari* removing a license granted by the board of excise commissioners of the city of Elizabeth.

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutor, *Henry F. Wolfskeil.*

For the commissioners, *James C. Connolly.*

For the licensee, *Foster M. Voorhees.*

The opinion of the court was delivered by

MINTURN, J. The excise commissioners of Elizabeth, on July 11th, 1911, adopted the following resolution:

"WHEREAS, The number of licensed liquor places in this city is more than sufficient for the present needs of the city, and

"WHEREAS, There is a predominant sentiment prevailing among our citizens which is strongly against the granting of any more new licenses to sell liquors of any kind; therefore, be it

"*Resolved,* That no new licenses be granted for the term of office of the present board which expires January 1st, 1913."

On the 26th of March, 1912, they granted a license to one Thomas B. Fitzgibbons, permitting him to sell intoxicating liquors at 27 Elizabeth avenue, in that city. The place thus licensed had not been licensed during the year 1911, but had been licensed up to November, 1910, after which time a renewal was refused, until granted by this board, under the circumstances stated.

During the interim between the refusal of the license and the granting of the present license the property was put to no other or inconsistent use; but the owner after making alterations and repairs therein, looking to a continuance of the business, presented his application and received the license, which is the subject of controversy here.

It is contended that the application was for a new place, and that under the terms of the resolution of July 11th, the

board had refused licenses to all new places, and that under the decision of this court, in *Warren, &c.,* v. *Excise Commissioners,* 27 *Vroom* 411, the board could not legally grant a license while the resolution remained operative and unrescinded.

We think that the place was not a new place, within the meaning of the act of 1906. *Pamph. L., p.* 199. Under substantially similar conditions such has been the construction placed upon the language of that act by this court. *Eckersly* v. *Abbott,* 50 *Vroom* 157; *Parnes* v. *Commissioners of Elizabeth,* 53 *Id.* 285.

We are not called upon in view of this conclusion to determine the remaining question presented in the briefs of counsel, *i. e.,* whether it was within the power of the board after the passage of the resolution of July 11th to rescind the resolution, *pro tanto,* by granting a license without notice to the public, by means of a rescinding resolution, equally general in its terms, and intended to afford the public a reasonable opportunity to be heard.

If the place in question were a new place, within the construction put upon the act by this court, the inquiry thus presented would be pertinent; but in view of the conclusion we have reached concerning the character of the license granted, manifestly the latter question is not before us.

The writ will be dismissed.