ALDO VISCHIA, PLAINTIFF-APPELLEE, v. BENJAMIN MOTOR EXPRESS, INC., AND HENRY EDWARD RAHN, DEFENDANTS-APPELLANTS.

Submitted October term, 1945—Decided December 10, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the appellants, *Alan Kraut.*

For the appellee, *Louis P. Bertoni* (*Morris Pashman,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   This is a highway collision case.   The plaintiff sued the defendant Benjamin Motor Express, Inc., and the operator of its truck, Henry Edward Rahn, to recover the damages which the plaintiff sustained as the result of an accident in which his automobile and defendant's truck collided. The plaintiff's damages to his car, the depreciation of its value, the loss of its use and the costs of repairs thereof, were stipulated to total the sum of $175.

The case was tried before the trial judge, without a jury. The proofs were in sharp conflict.   The plaintiff was the only witness in his behalf.   He testified that on the clear day of May 22d, 1944, about 9:30 A. M., he was operating his auto-

mobile at the rate of ten or fifteen miles an hour in a southerly direction on River Drive, in the Borough of North Arlington, New Jersey. When he approached within ten or fifteen feet from the intersection of River Drive with the Belleville Turnpike he saw the defendant's truck coming down the hill, in a westerly direction on Belleville Turnpike, at about thirty or thirty-five miles an hour and that the speed thereof was not reduced as it reached the intersection of the two streets; that the signal "lights" regulating traffic along the highways were out; that as the plaintiff endeavored to cross the turnpike, and was past the center thereof, his automobile was struck by defendant's truck and that the plaintiff's automobile came to a complete stop at the point of impact. On cross-examination, however, his testimony was that he first saw the truck about seventy-five or one hundred feet from the intersection, when he was about ten or fifteen feet therefrom, and "figured [that he] could make the intersection, but he [driver of the truck] was going too fast;" and that he [plaintiff] did not come to a complete stop before he came to the intersection because, as he stated, "the light was not working."

On the other hand, the defendant Rahn testified that he came down the hill on the turnpike in second gear; that the traffic "light" was "blinking;" that he stopped the truck six or seven feet from the "blinker" light to observe traffic to his left and right and observing no traffic moving in either direction, he put the truck into second gear, moving at about six or seven miles an hour; that the motor was under its own power without acceleration; that he first saw the plaintiff about ten feet to the defendant's right and traveling at an excessive rate of speed; that defendant immediately stopped the truck but that plaintiff's automobile collided with it after the truck had traveled past the middle of the road; that plaintiff admitted that he was "in an awful hurry. I have got an appointment * * *." Defendant's testimony was corroborated in all details by the operator of a truck who was following the defendant's truck. This witness testified that he caused his truck to come to a complete stop about three feet behind the defendant's truck when it stopped before crossing the intersection; that the plaintiff's automobile

moved ten "paces" after it had collided with the truck and stopped "across the street," and that the plaintiff told them he was in a "hurry."

In this posture of the proofs, the trial judge denied defendants' motions for a nonsuit and for the entry of a judgment in their favor and awarded judgment for the plaintiff, plus costs. Defendants appeal.

The issue is purely factual. It is fundamental that findings of fact by the trial judge in the District Court on conflicting evidence, are conclusive on appeal. *N. J. S. A.* 2:32–202. *Sansone* v. *Selvaggi,* 121 *N. J. L.* 274; 2 *Atl. Rep.* (*2d*) 355; *Bacharach* v. *Mitnick,* 121 *N. J. L.* 401; 3 *Atl. Rep.* (*2d*) 92. The Supreme Court will not weigh the evidence. If, as here, there is any legal evidence to support the judgment, it will not be reversed. *Cf. DeBourbon* v. *Costanzo,* 126 *N. J. L.* 425; 19 *Atl. Rep.* (*2d*) 824.

The judgment is affirmed, with costs.