MOCILNIKAR, et, Plaintiff-Appellant, v. BOARD OF LIQUOR CONTROL, et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4072. Decided September 21, 1948.

Hamilton & Kramer. Columbus, and Victor M. Lodia, Cleveland, for plaintiff-appellant.

Hugh S. Jenkins, Atty. Genl., Charles G. Schnur, Asst, Atty. Genl., Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, which in part affirmed the order of the Board of Liquor Control of the State of Ohio, in which it revoked a D-5 night club permit issued to the appellant.

The Board of Liquor Control found that the appellant was not the owner of a night club; that the appellant made false material statements in the application; and that the permit was obtained by fraud and collusion. The Common Pleas Court found that appellant was not "the owner and operator of a night club" as required by law, and that the appellant made false material statements in her application. The Court did not find the charge of fraud and collusion supported by the evidence.

The record in this case shows that the appellant operated a night club under a D-5 permit from November, 1939, to November, 1942. In November, 1942, the appellant ceased the operation because of the war and gas rationing. In March, 1944, again in April, 1944, and again in December, 1944, the appellant applied for the D-5 permit. These applications were rejected because of Regulation No. 63 which, according to the record, was a freeze order limiting the number of permits issued in the State of Ohio, and its several political subdivisions. On May 28, 1946, appellant filed another ap-

plication which was approved January 8, 1947. The permit issued thereunder is the one that was revoked and is involved in this controversy. The record clearly shows that during the period from November, 1942, until March, 1947, the appellant's place of business was not open. **Sec. 6064-15 GC**, defines a D-5 permit as follows:

"Permit D-5: A permit to the owner or operator of a night club to sell beer and any intoxicating liquor, at retail, only by the individual drink in glass and from the container, for consumption on the premises where sold, only at tables where meals are served."

A "Night Club" is defined in §6064-1 **GC**, as follows:

" 'Night Club,' means a place regularly and habitually operated for profit after the hour of midnight, where food is served for consumption on the premises and one or more forms of amusement are provided or permitted for a consideration which may be in the form of a cover charge, or may be included in the price of the food and beverages, or both, purchased by the patrons thereof."

In considering the provisions of the two sections of the statute quoted above, we are of the opinion that it is the intent and purpose of the law that a night club be regularly and habitually in operation at the time a D-5 permit is applied for and issued. The record shows that the appellant was neither the owner nor the operator of a night club, either when the application was made or when the license was issued. We conclude that the order of the Board and the judgment of the Common Pleas Court are supported by the law and the undisputed evidence in finding that the appellant "was not the owner and operator of a night club as required by law".

The record further shows that the appellant made "false material statements in her application" relative to her ownership and operation of a night club at the time the application was made.

We do not find the charge of fraud and collusion supported by the evidence.

The judgment of the Common Pleas Court is hereby affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.