Plaintiff sued defendant insurance company for damages to his automobile under the collision liability provisions of an insurance policy, less $25 deductible under the terms thereof. The defense interposed was that plaintiff had breached the terms of the insurance contract, in that he had falsely stated his place of residence and place where the insured automobile would be principally garaged. The address given by plaintiff and place where his automobile was principally garaged was 320 Broadway, Newark 4, Essex County, New Jersey. Defendant contends that the proofs established that plaintiff resided at Bakers Mills, New York, and that his automobile and driver's licenses were issued by the State of New York. Liability was denied by defendant on the theory that plaintiff's statements of residence and place where the automobile would be principally garaged were false, and consequently it was not obliged under the terms of the policy to pay the damages sustained by plaintiff. The District Court, sitting as judge and jury, found that "plaintiff had an address at 320 Broadway, Newark 4, Essex County, New Jersey, and that the automobile of plaintiff was principally garaged and used in the above City, County and State, all within the meaning of the declarations of the policy;" that plaintiff "had an accident and that proof of loss of said accident was given to the defendant within the meaning of the terms of the policy;" and, therefore, that plaintiff was entitled to recover upon the said policy against defendant. The judgment from which this appeal stems was accordingly entered in favor of plaintiff against defendant.
The rule of law heretofore was well established that findings of fact by the trial judge, sitting as a court and jury in the district court, on conflicting evidence were conclusive on appeal. R.S. 2:32-202. Vischia v. Benjamin Motor Express,Inc., 24 N.J. Misc. 255 (Sup.Ct. 1945), 48 Atl. (2d) *Page 4 
391; Oliver v. Leonardo, 135 N.J.L. 210 (Sup.Ct. 1947),51 Atl. (2d) 129; Underwood v. Katz, 135 N.J.L. 214(Sup.Ct. 1947), 51 Atl. (2d) 127. The present rules governing the courts of this State authorize an independent review by the appellate tribunal of issues of fact whether determined by a verdict of a jury or by the court sitting as a jury. Supreme Court Rule 1:2-20 and Superior Court, AppellateDivision, Rule 4:2-6. Cf. Superior Court Rule 3:81-13. We do not find it necessary in this case to determine the precise effect of these rules. There was sufficient evidence below from which the district court judge, sitting as judge and jury, could find, as he did, that plaintiff had an address within the meaning of the terms of the policy at 320 Broadway, Newark 4, Essex County, New Jersey, where his automobile was principally garaged. In the case sub judice, we perceive no justification for disturbing his findings of fact.
We have considered the other grounds advanced by defendant for reversal of the judgment below, and conclude that our determination is dispositive of the issue.
The judgment is affirmed with costs.