[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 315 
Appellant, Anna Passarella, invokes the aid of this court to reverse and set aside a transfer by the Board of Commissioners of the City of Atlantic City (hereinafter referred to as the municipal body) of a plenary retail consumption license issued in the name of respondent, Anthony Venafro, trading as Village Bar, for premises No. 16 North Missouri Avenue, Atlantic City, expiring June 30, 1948, to premises No. 12 North Missouri Avenue (a vacant lot), Atlantic City, upon the express condition that the transfer should not become effective until Venafro completed the erection and construction of a proposed building thereon wherein he would exercise the privileges of the liquor license in question. An appeal taken from the transfer to the Commissioner of the Department of Alcoholic Beverage Control (hereinafter referred *Page 316 
to as "Commissioner"), resulted in an affirmance of the action of the municipal body. This appeal stems from the latter's determination.
Appellant relies upon several grounds for a reversal of the action of the municipal body. For the purposes of a determination of this appeal, we are convinced that it is only necessary to discuss what we consider as the only important ground urged by appellant, to wit: that the municipal body was without legal authority to approve the transfer of Venafro's license to a vacant lot, even though its effectiveness was restricted until the completion of the proposed building.
Appellant is the mother-in-law of the licensee, Venafro. She is the owner of the premises No. 16 North Missouri Avenue, was the holder of a plenary retail consumption license therefor for the period July 1, 1940 to June 30, 1941. On May 1, 1941, appellant leased said premises to Venafro and the license was subsequently transferred to him and under renewals thereof Venafro continued to exercise same until its transfer to premises No. 12 North Missouri Avenue. Prior to the transfer, commencing with April 1, 1948, appellant through her attorney, negotiated with Venafro for an increased rent for the ensuing year. Venafro refused to accede to appellant's demands, as a result of which Venafro sought a transfer of his license to the new location.
As stated, appellant argues that there is no statutory authority for the issuing or transferring of such a license to a vacant lot and consequently the municipal body exceeded their authority notwithstanding the exercise of the privileges thereof was restricted to a time when the proposed building would be completed and ready for occupancy. It is undisputed that there is no specific reference in the Alcoholic Beverage Control Act with respect to the issuance or transfer of a liquor license to a vacant lot, nor is there any prohibition of such action. Appellant argues that the municipal body approved the transfer for the sole purpose of qualifying the licensee as a renewal applicant for the proposed premises for the ensuing license year, with the understanding that any renewal license granted for the proposed premises would be subject to the same conditions. *Page 317 
Appellant argues further that such action was taken purposely and deliberately to circumvent P.L. 1947, c. 94, p. 501 (R.S.
33:1-12.13 et seq.), which Act had for its purpose a limitation of the number of licenses for the several municipalities in the State; that, if the transfer here had not been so approved, it would have been impossible for Venafro to have obtained a license for the proposed premises; that the 1947 law would have then become effective; that, in view of the conceded fact that the number of licenses then in effect in Atlantic City, no new licenses could have been granted; that, also, no new license could have been granted for the proposed premises, as it would have violated a provision of the ordinance of Atlantic City prohibiting the issuance of a new license to premises within three hundred feet of other licensed premises. We think it is perfectly clear that under the Alcoholic Beverage Control Act the issuing authority has no authority to issue or effect a transfer of an existing license whereby the licensee will be authorized to exercise any of its privileges on wholly vacant land. Such was not the action undertaken by the municipal board. If it had done so, it would unquestionably have been invalid. Appellant's argument may well be summarized as a contention that the transfer in question was made to be exercised on a vacant lot. The license so transferred specifically restricted the licensee from exercising its privileges until such time as the proposed building was completed. The municipal body concluded that Venafro was about to be dispossessed from the premises No. 16 North Missouri Avenue. This finding of fact was affirmed by the Commissioner. It was on the basis of that finding of fact that the municipal body approved the transfer to No. 12 North Missouri Avenue subject to the conditions mentioned. If the transfer had not been approved under the 1947 statute limiting the number of future licenses to be issued, his license would have lapsed and no new license could have been issued for No. 12 North Missouri Avenue. In addition, Venafro's application for transfer of his license was justified, to the end that he might ascertain the attitude of the municipal body with respect thereto. Otherwise he would have been burdenied with the expenditure of a large sum of money to erect *Page 318 
and construct a building on the vacant lot in question at the risk of the possible refusal of the municipal body to approve such a transfer. While the applicable law makes no specific reference to the issuance or transfer of liquor licenses to vacant lands subject to the erection and construction of a proper building within which to conduct a liquor business, the Commissioner, under authority delegated to him by the Legislature and expressly found in R.S. 33:1-23 and R.S. 33:1-39, has consistently ruled that the municipal issuing authority may grant an application for liquor license pursuant to R.S. 33:1-32 upon "the express condition (imposed in the authorizing resolution, pursuant to Revised Statutes, 33:1-32) that the premises as described in the plans and specifications prepared and submitted by the applicant and found acceptable by the issuing authority shall first be completed. (Re Harris, Bulletin 183 Item 11;Re Salter, Bulletin 184, Item 8; Re Murphy, Bulletin 389,Item 11.)" Under the authority of this rule, the municipal body may not actually issue the license until the premises are completed in accordance with the filed plans and specifications. And, of course, it necessarily follows that if the license were not actually issued and in effect on June 30th of a given year, there could not be a renewal thereof on the year beginning July 1st, for the license then would be considered as a new license. If that situation had developed here, in view of the 1947 law, no new license could have been issued for the proposed premises. Under authority of the Commissioner's Bulletin No. 762, Item 5, issued on May 14, 1947, the issuing authority may not only grant an application for a license for a building not yet constructed or for a building in course of construction, effective subject to its completion, and provide by appropriate amendatory resolution that such license is authorized to be effective immediately for the sole purpose of permitting a renewal thereof subject to the aforementioned building restriction, but the issuing authority may, where the application for the transfer has been approved, and where the licensee still is in possession of the old licensed premises, and will continue in the old premises on or after July 1st until the proposed building is completed, to apply for a renewal for the old premises and the *Page 319 
municipal body could, by appropriate action, transfer the license to the new premises when completed after July 1st. The action of the municipal body is accordingly grounded on express authority by the Commissioner in the rules and regulations heretofore mentioned and promulgated by him. Under R.S. 33:1-19, the governing body is given the jurisdiction to administer the issuance of retail liquor licenses. R.S. 33:1-26 authorizes the municipal governing body to transfer licenses from one premises to another. R.S. 33:1-24 directs the municipal governing body to receive applications for licenses; to inspect the premises sought to be licensed; to conduct public hearings on applications; "to enforce primarily the provisions of this chapter and the rules and regulations so far as the same pertain or are in any way concerned with retail licenses"; and "to do, perform, take and adopt all other acts, procedures and methods designed to insure the fair, impartial, stringent and comprehensive administration" of the statute. The latter section further provides that the "enumeration of the above specific duties shall not be construed to limit or restrict in any way the general authority given by this chapter to each said other issuing authority." It is apparent from this legislation that each municipal governing body has a wide discretion in the issuance and transfer of liquor licenses, subject to review of the Commissioner for any abuse thereof. As affecting the issue here, this legislative authority vested in the municipal governing body would seem to clearly empower the municipal governing body to exercise such a preliminary step as was undertaken here in approving the transfer of Venafro's license and the exercise of such authority has almost always been sustained by our courts. This is evident from the opinion of Mr. Justice Heher, in the case of City Affairs Committee v. JerseyCity, 134 N.J.L. 180 (E. A. 1945), wherein he stated:
"While a municipal corporation is a government of enumerated powers, acting by a delegated authority, it possesses also such rights as arise by necessary or fair implication, or are incident to the powers expressly conferred, and such as are essential to the declared objects and purposes of the municipality. N.J. GoodHumor, Inc., v. Bradley Beach, 124 N.J.L. 162." *Page 320 
We think there is no merit to the contention raised by the appellant that the Commissioner was without authority to issue the regulations in question under the authority of which the municipal body approved the transfer. The Legislature, in the applicable statute, delegated broad powers and authority to the Commissioner to adopt "procedures and methods designed to insure the fair, impartial, stringent and comprehensive administration" of the statute. R.S. 33:1-23. And to "make such general rules and regulations * * * as may be necessary for the proper regulation and control of the manufacture, sale and distribution of alcoholic beverages * * *". R.S. 33:1-39. The latter section expressly empowers the Commissioner to adopt rules and regulations for "instructions for municipalities and municipal boards" and "all forms necessary or convenient in the administration" of the statute. Such delegated authority has received the sanction of our courts. State Board of Milk Controlv. Newark Milk Company, 118 N.J. Eq. 504 (E. A. 1935). The construction of the law by the Commissioner, commencing with June, 1937, with respect to the issuing of licenses conditioned upon the erection and construction of a building on a vacant lot has been consistently pursued not only by the respondent, but his predecessors in office. Our courts have always given great weight to such constructions of the law by the Commissioner, especially where no legislative action has been subsequently taken to indicate a contrary view and have held that such a construction of long standing will not be lightly disturbed by the courts.Cino v. Driscoll, 130 N.J.L. 535 (Sup.Ct. 1943), wherein it was said:
"Moreover, the legislature charged with the knowledge of the construction placed upon the Alcoholic Beverage Law, as evidenced by these rules, has done nothing to indicate its disapproval thereof. Cf. Young v. Civil Service Commissioner, 127 N.J.L. 329, 22 Atl. Rep. (2d) 523. The contemporaneous construction thus given to a law of the state for over a decade is necessarily respected by us."
Also, see State v. State Board of Tax Appeals, 134 N.J.L. atp. 48 (Sup.Ct. 1946) and Kravis v. Hock, 137 N.J.L. 252(Sup.Ct. 1948). Appellant cites the cases of Warren StreetChapel v. Excise Commissioners, 56 N.J.L. 411 (Sup.Ct.
1894); *Page 321 Winants v. Bayonne, 44 N.J.L. 114 (Sup.Ct. 1882); andLeeds v. Atlantic City, 81 N.J.L. 230 (Sup.Ct. 1911), in support of his argument that a liquor license may not be issued to a vacant land without a building thereon at the time of the issuance of the license. An examination of these decisions will reveal, however, that the factual situation in each case may be distinguished from the facts of this appeal. Therefore, they have no applicability to this issue. In addition, these cases, relied upon by the appellant, ante-date by many years the adoption of our present Alcoholic Beverage Control Act. The broad powers granted to the Commissioner and the municipal body to which reference has been made, were not vested in the local issuing authority, nor were they contained in or delegated by the statutory law controlling the cases cited by appellant. It is quite clear from a consideration of the provisions of the 1947 Act, that the legislative intendment was not to unreasonably interfere with the transfer or renewal of existing licenses, notwithstanding the limitations created thereby. See R.S.
33:1-12.16, 18 and 19. We are of the opinion that the authority exercised by the municipal body, with the sanction of the Commissioner, as well as the cited provisions of the applicable law, was properly exercised and impliedly within its authority.
Appellant urges that the Commissioner erred in finding as a fact that the appellant had made a bona fide demand of Venafro for possession of the licensed premises within the provisions of the Atlantic City ordinance. The municipal body had obviously arrived at the same conclusion. Appellant contends that the evidence does not justify this determination and urges this court to review same under the authority of R. 1:2-20 and 4:2-6. It is true that we may review the facts and make an independent finding. However, where, as here, there was sufficient evidence to support this finding of fact, such an independent determination is not justified and it will not be disturbed.DeMoors v. Atlantic Casualty Insurance Company of Newark,1 N.J. Super. 1, 61 A.2d 511 (App.Div. 1948); Tuzio v.Saylor et al., 1 N.J. Super. 61, 62, A.2d 402 (App. Div.
1948). *Page 322 
We have considered the other grounds of appeal and find no merit in them. Consequently, they require no discussion.
The judgment below is affirmed, with costs.