MEYER, APPELLEE, *v.* DUNIFON, DIR. OF DEPARTMENT OF LIQUOR CONTROL, ET AL., APPELLANTS.

(No. 4338—Decided March 6, 1950.)

Mr. *Fred G. Reiners,* for appellee.
Mr. *Herbert S. Duffy,* attorney general, and Mr. *Charles T. Kaps,* for appellants.

MILLER, P. J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas reversing an order of the Board of Liquor Control which affirmed the action of the Department of Liquor Control in rejecting the application of the appellee for C-1, C-2, D-1 and D-2 permits for the sale of intoxicating beverages under the laws of Ohio.

The record discloses that in October 1947 the appel-

lee filed applications with the department for the above specified permits; that the business was to be located in a building under construction; and that, in response to the application, an inspection of the premises was made soon thereafter by an inspector of the department who advised the appellee that the required inspection could not be made until appellee was "set up," which meant that he must be ready to operate a business meeting the requirements of the General Code. The appellee testified that he then installed in the building special equipment worth approximately $8,500; that sometime in January, while this equipment was being installed, the pastor of a church located within 500 feet of the proposed place of business advised him that the church was going to object to the establishment of the business; and that, notwithstanding this proposed objection, he completed the installation. On April 12, 1948, the appellee received notice that his applications had been rejected for the following five reasons:

1. Proximity of the church.
2. Objection of the church.
3. Neighborhood objection.
4. Objection from ministerial association.
5. Not the type of neighborhood for permit premises.

The only error assigned is that the judgment is contrary to law. The Common Pleas Court, under Section 154-73, General Code, was empowered to review the action of the board but not to substitute its judgment for that of the board. *Farrand* v. *State Medical Board,* 151 Ohio St., 222, 85 N. E. (2d), 113. Since the Board of Liquor Control was the trier of the facts, it possessed wide discretionary powers and its ruling may be reversed if it exceeded its authority or abused its discretion. It must be conceded that the objection by the church authorities to the issuing of these per-

mits to be used by a tavern within 500 feet of the church constituted a valid objection under Section 6064-16, General Code. That section provides:

"Applications for regular permits authorized by this act may be filed with the Department of Liquor Control at any time after this act becomes effective. No permit shall be issued by the department under authority of this act until fifteen days after the application therefor is filed; and no permit shall be issued by the department under authority of this act if the business specified to be operated in the permit applied for is to be operated within a distance of five hundred feet from the boundaries of a parcel of real estate having situated thereon a school, church, library or public playground, until written notice of the filing of said application with the department shall have been personally served upon the authorities in control of said school, church, library or public playground and an opportunity shall have been provided said authorities for a full and complete hearing before the Director of Liquor Control upon the subject of the advisability of the issuance of the said permit; except in the case of an application from a permit holder for a permit of the same class for the same location."

It will be noted that the section permits the issuing of the licenses under the conditions here existing, but only after notifying the church authorities and affording them an opportunity for a full and complete hearing before the director. The record discloses that such a notice was never served upon the church authorities but they did voluntarily enter their objection by filing petitions containing more than 200 signatures. Now, may the appellee be heard to complain because of this irregularity? We are of the opinion that the statute was enacted solely for the benefit of the organizations enumerated therein and not for the applicant. This

being true he cannot be injured by such procedure. The appellee urges, however, that had the Department of Liquor Control notified the church of the pendency of the application within a reasonable time its objections would have been seasonably made and appellee would have been saved the expense of equipping the place for a business which he could not engage in; that the defendants' inspector encouraged appellee to make the installations; and that to now deny the permits would work an injustice upon him. The trial court held that substantial justice had not been done appellee, and that the order constituted an abuse of discretion on the part of the Director of the Department of Liquor Control. That judgment ignores completely any consideration to the church for whose benefit Section 6064-16, General Code, was enacted. The record discloses that a full hearing was had before the board and the presumption is that the board gave favorable consideration to the objections, and we cannot say there was an abuse of discretion. The actions of the inspector in encouraging the applicant to complete the project could not be binding upon the department and the doctrine of estoppel has no application. The power to grant permits for the sale of intoxicating beverages is vested solely in the Department of Liquor Control. Section 6064-8 (2), General Code. It has authority also to promulgate rules and regulations with reference to applications for and the issuance of permits. Section 6064-3, General Code. Under this authority, there was adopted and filed with the Secretary of State regulation No. 24 which provides:

"Excepting class F permits, no permit shall be issued by the department until after inspection of the premises by the enforcement division and until after a report thereof shall have been filed with the department."

Under this regulation the director was not authorized to issue the permits until the premises had been inspected, and the inspection could not be effectively made until the building was completed and the equipment required by Section 6064-15, General Code, was installed. That section provides that D-1 and D-2 permits may be issued to the owner or operator of a hotel or restaurant licensed pursuant to Section 843-2, General Code. The record discloses that at no time while the application was pending was the restaurant in this building in operation. It must be in operation at the time the permit is applied for and issued. See *Mocilnikar* v. *Board of Liquor Control*, 84 Ohio App., 266, 85 N. E. (2d), 408.

We are of the opinion that the appellee is in error in assuming that the church would immediately raise its objection upon being notified of the application by the director. Section 6064-16, General Code, does not make such a requirement. That section requires merely that the church authorities shall be granted an opportunity for a full and complete hearing before the permits are granted. Therefore, if the objections were made at the hearing they would have been seasonably made. The record discloses that the objections made by the church were substantial and therefore supported the ruling of the department. Under such circumstances the board did not abuse its discretion. The judgment of the Common Pleas Court is reversed and the ruling of the board is ordered affirmed.

*Judgment reversed.*

HORNBECK and WISEMAN, JJ., concur.