FLETCHER H. GROW, Appellant, v. THE DELAWARE LIQUOR COMMISSION, Appellee.

(*December* 8, 1950.)

CAREY and WOLCOTT, J. J., sitting.

*H. Albert Young* for Appellant.

*Daniel J. Layton, Sr.,* for Appellee.

Court of General Sessions for New Castle County.

WOLCOTT, J., delivering the opinion of the Court:

On December 7, 1949, the appellant applied to the Commission for a license to sell alcoholic liquor not for consumption on the premises, the license to be exercised on Lot 33, Block 26, Swanwyck, New Castle County, Delaware. The appellant published notice of his intention to make the application for the license as required by the Liquor Control Act, Rev. Code 1935, § 6130 et seq., and complied with all statutory requirements to perfect his application.

On April 21, 1950, the Commission filed its findings of fact and two reasons for denying the application of the appellant

for the applied for license, viz., (1) that there was no building on the premises in which the license, if granted, could operate, and (2) that the granting of the applied for license was not required for public convenience or necessity.

From the denial of the application by the Commission, the appellant appealed to this Court.

We will first address ourselves to a consideration of the first mentioned reason for the denial of the license—that is, that no building was in existence on the premises where the license was to be exercised.

The facts as disclosed by the record are briefly that the appellant is the owner of a lot in a real estate development in this county, and that he proposes as part of that development to erect a suitable structure to house a package liquor store. At or about the time of the application to the Commission for the license, the appellant submitted to the Commission detailed plans and specifications for the building which he proposed to erect upon the vacant lot. For the purpose of disposing of this appeal, it will be assumed that the proposed building of the appellant would, if erected, meet in all respect the requirements of the Commission for the granting of such licenses.

The refusal of the Commission to grant a license to the appellant to be exercised in futuro on a vacant lot upon the condition of the erection of a building raises a question of the basic authority of the Commission to grant a license to be exercised on a vacant lot.

The underlying purpose of the Liquor Control Act is to afford the people of this state a reasonably convenient opportunity legally to purchase alcoholic liquors either for consumption on the premises or off the premises. This has been made clear by decisions of this Court. *Lord* v. *Delaware Liquor Commission,*

2 *Terry* 154, 17 *A.* 2d 230; *Lord* v. *Delaware Liquor Comm.,* 1 *Terry* 436, 13 *A.* 2d 436.

This being the basic purpose underlying the Liquor Control Act, it would seem as though implicitly no license is authorized to be issued pursuant to the Act unless, upon issue, it affords public convenience. It is difficult to see in what manner a license conditioned to become operative on an indefinite date in the future would serve the convenience of the public. The Act, furthermore, is entirely silent in so far as any authority is reposed in the Commission to grant a license to be exercised in the future upon the happening of some condition.

This is made clear by Section 6152, R. C. 1935, providing in substance that, upon the granting of a license, a certificate shall be issued to the licensee. This section further specifically sets forth the information that shall be included in the certificate. The enumeration in Section 6152 of those facts required to be made a part of every certificate of license precludes the addition of restrictive conditions upon the granting of the license. Since the Commissioner is required to issue a certificate upon the granting of a license, it must necessarily follow that the holder of the certificate of license may immediately commence its operation. Since the inclusion of restrictive conditions in the license certificate is not specifically authorized by the Act, they are prohibited by the implicit underlying basis upon which the Act rests.

In addition to the requirements of Section 6152, the holder of a certificate of license, by reason of Section 6155, R. C. 1935, is required to display the certificate conspicuously in view. Obviously, it would be impracticable, to say the least, to display a certificate of license in a vacant lot and, yet, under the Liquor Control Act, a licensee is required to make the display upon the granting of the license.

There is little decisional authority upon the precise point before us—that is, may a liquor license be issued to be exercised on a vacant lot? The few cases, however, which have dealt with this subject are adverse to the contention of the appellant. *State ex rel. Trustees of Warren St. Chapel* v. *Board of Excise Com'rs.*, 56 *N. J. L.* 411, 29 *A.* 150; *Mocilnikar v. Board of Liquor Control*, 84 *Ohio App.* 266, 85 *N. E.* 2d 408.

The appellant cites *Passarella* v. *Board of Commissioners*, 1 *N. J. Super.* 313, 64 *A.* 2d 361, in support of his argument that the Commission may issue a license to be held in some sort of abeyance until the completion of an approved structure in which the license is to be exercised. That case, however, while superficially supporting the appellant's position, seems to have been decided on the basis of a rule promulgated by the Commission in New Jersey. No such rule has been promulgated by the Commission in Delaware, even if it be assumed that authority to do so can be found in the Liquor Control Act. Furthermore, the New Jersey Court, in the Passarella case, recognizes that, in the absence of a specific ruling, no authority is contained under the New Jersey Law to issue licenses to be exercised on a vacant lot.

The appellant argues that the Legislature must have intended the Commissioner to have the authority to issue licenses for buildings to be erected upon vacant lots since an obvious hardship would be worked upon an appellant who, intending to apply for a license, erected a building and then was denied the license. We do not think that this argument, while it is an appealing one, can supply the lack of authority. Such an argument would be more properly made to a legislative body than to a Court.

In view of the foregoing, we do not consider it necessary to pass on the second reason given by the Commission for the refusal of the license.

The decision of the Commission is affirmed.