33 N.J. Super. 598 (1955)
111 A.2d 291
RAJAH LIQUORS, APPELLANT,
v.
DIVISION OF ALCOHOLIC BEVERAGE CONTROL AND WILLIAM HOWE DAVIS, DIRECTOR, MUNICIPAL BOARD OF ALCOHOLIC BEVERAGE CONTROL OF THE CITY OF NEWARK, EMPIRE LIQUOR CO., T.D. HOLDING CO., ALEXANDER NACK, AND WESTON AND COMPANY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1955.
Decided January 21, 1955.
*599 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Leo Yanoff argued the cause for appellant (Messrs. Green & Yanoff, attorneys).
Mr. Samuel B. Helfand argued the cause for the Division (Mr. Grover C. Richman, Jr., Attorney-General).
Mr. Robert C. Gruhin argued the cause for respondent Empire Liquor Co.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Rajah Liquors, in connection with its plenary retail consumption license for the year July 1, 1952 to June 30, 1953, made application to the Newark Board of Alcoholic Beverage Control to transfer the license from its present location to another place 570 feet away. The board unanimously denied the application, and its decision was affirmed by the State Division.
*600 A like application was then made to the Newark board with respect to the 1953-1954 license; and this application, the Newark board, by a vote of two to one, granted. However, the State Division reversed. Rajah appeals.
The law entrusts the local board with a discretion as to the transfer of liquor licenses. Passarella v. Board of Commissioners, 1 N.J. Super. 313, 319 (App. Div. 1949); Biscamp v. Twp. Council of the Twp. of Teaneck, 5 N.J. Super. 172, 174 (App. Div. 1949). And the State Division on an appeal in such a matter, N.J.S.A. 33:1-26, 33:1-38, will interfere in the exercise of the board's discretion only because of an abuse of the discretion, Hudson Bergen, etc. Assn. v. Hoboken, 135 N.J.L. 502, 511 (E. & A. 1947), Passarella v. Board of Commissioners, 1 N.J. Super. 313, 319 (App. Div. 1949), supra  that is, because of a manifest mistake, Smith v. Smith, 17 N.J. Super. 128 (App. Div. 1951), clearly unreasonable action, or some more untoward impropriety. Such is the scope of review before the Division in such a matter, notwithstanding that testimony is taken de novo. Cino v. Driscoll, 130 N.J.L. 535 (Sup. Ct. 1943).
However, the State Division on such an appeal is likewise invested with a discretion, and accordingly we, on appeal from it, will not interfere in the exercise of its discretion unless there has been a manifest mistake or a more gross transgression on its part. Hickey v. Division of Alcoholic Beverage Control, 31 N.J. Super. 114 (App. Div. 1954).
Our task is simply to apply these principles to the facts. The three members of the Newark board voted for the first decision. One died, and the member replacing him, voted at the second hearing to grant the transfer. The second of these three members voted to deny the transfer both times. But the third member changed his position at the second hearing, and the State Director held that, although there was no evidence of improper motivation, the crux of the case was the switch he made in his position.
In passing upon the reasonableness of the third commissioner's action, it is worthy of note that when the second application was made, the Newark board held apparently *601 unanimously "we will be bound," by the Division's action on the appeal (then pending) as to the first application. Nevertheless two months after the Division affirmed the denial of the first application, the local board reversed itself.
The most important factor involved in the first decision, as we see it, was the very heavy concentration of taverns in the area. Within a radius of 750 feet of the place to which Rajah sought to transfer its license, there were, at the time of the second hearing before the Division, 24 persons with consumption licenses  that is, taverns  not to speak of four package stores. On the other hand, the director in his decision on the first appeal found that at the time of that decision there were within that radius only 19 consumption licenses and three package stores, whereas within 750 feet of Rajah's present location there were then but 16 consumption licenses and three package stores. If these figures are accurate, there seem to be quite a few more taverns, maybe 50% more, in the locality to which Rajah proposed to transfer than in its present locality; and furthermore the congestion at the proposed locality would seem to be increasing. At any event, conditions had certainly not improved in this important respect so as to warrant the third commissioner's change in position.
There is a more serious matter. At the second hearing before the Newark board, it was learned for the first time (there was no testimony on the point at the first hearing) that the board of education had definitely approved a site for a proposed school, which adjoined the proposed location of the tavern. We may overlook that on the second appeal to the State Division it appeared that an entrance to this school is planned to be put within 200 feet of an entrance to the tavern at its proposed situs and that the board of education then opposed Rajah's application. Rajah argues that six taverns will be displaced by the school (of course they may move somewhere else in the same locale); but that very argument leaves the school in the case as a major factor  and of quite as much significance as the matter of *602 congestion. Cf. Price v. Excise Board of Town of Millburn, 29 N.J. Super. 103 (App. Div. 1953).
Rajah, posing a hypothetical problem, suggests that the third member of the Newark board could not be said to have acted unreasonably at the board's second hearing if the position he took at the first hearing was in fact unreasonable. There is nothing before us to indicate that his first position was unreasonable. Nor did he say it was, when he gave his opinion at the second hearing. Indeed, in that opinion he passes over, without any mention at all, the considerations we deem to be the most important before him  viz., the congestion of licenses in the area and the erection of the school.
With these considerations in view, we come back to the question which the State Director alludes to as the crucial one  namely, was the third commissioner clearly unreasonable in changing his position? Upon that question, and in the face of the facts here, we certainly cannot find the director to be manifestly in error.
Affirmed.